■ GERARD BAKER, Respondent, v BARRON'S EDUCATIONAL SERVICE CORP. et al., Defendants and Third-Party Plaintiffs-Respondents. ALL SEASONS COMMERCIAL SYSTEMS, INC., Third-Party Defendant-Appellant. [670 NYS2d 587] —In an action to recover damages for personal injuries, the third-party defendant All Seasons Commercial Systems, Inc., appeals from an order of the Supreme Court, Nassau County (McCaffrey, J.), dated December 23, 1996, which, *inter alia,* (1) granted the plaintiff's motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1) as against the defendants third-party plaintiffs, Barron's Educational Service Corp. and Barron's Land Corp., and (2) granted the cross motion by the defendants third-party plaintiffs for summary judgment on their indemnification cause of action as against the appellant.

Ordered that the order is affirmed; and it is further,

Ordered that the respondents appearing separately and filing separate briefs are awarded one bill of costs.

The plaintiff, a roofer in the employ of the third-party defendant All Seasons Commercial Systems, Inc. (hereinafter All Seasons), was struck in the head by an unsecured cinder block which was being lowered by a rope and derrick from the roof to the ground. The Supreme Court was correct in granting partial

summary judgment to the plaintiff on his Labor Law § 240 (1) cause of action, since that section applies to the "special hazards" of falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501; *see also, Rocovich v Consolidated Edison Co.,* 78 NY2d 509). In addition to the evidence that the plaintiff was struck in the head by an inadequately-secured cinder block, there was evidence that the defendants third-party plaintiffs had failed to provide safety devices as required by Labor Law § 240 (1), and that the breach was a proximate cause of the plaintiff's injury (*see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513; *see also, Sog v G.S.E. Dynamics,* 239 AD2d 489).

Furthermore, an owner who is held strictly liable under Labor Law § 240 (1) is entitled to full indemnification from the negligent party (*see, Chapel v Mitchell,* 84 NY2d 345, 347; *see also, Kelly v Diesel Constr. Div.,* 35 NY2d 1, 4-7). Since All Seasons supervised the work giving rise to the injury, and the owner had no supervisory control over the work, the court properly granted summary judgment to the defendants third-party plaintiffs insofar as they sought indemnification from the subcontractor-employer, All Seasons. Mangano, P. J., Copertino, Joy, Florio and Luciano, JJ., concur.