■ MIGUEL SALINAS, Respondent-Appellant, v BARNEY SKANSKA CONSTRUCTION Co. et al., Appellants-Respondents. (And a Third-Party Action.) [769 NYS2d 559]—

In an action to recover damages for personal injuries, the defendants appeal from stated portions of an order of the Supreme Court, Kings County (Schmidt, J.), dated July 10, 2002, and, as limited by their brief, from so much of an order of the same court dated December 17, 2002, as, upon reargument, adhered to those portions of the order dated July 10, 2002, as granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action based on Labor Law § 240 (1) and denied that branch of their motion which was for summary judgment dismissing the cause of action based on Labor Law § 240 (1), and the plaintiff cross-appeals, as limited by his brief, from so much of the order dated December 17, 2002, as,

upon reargument, granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action based on Labor Law § 241 (6) alleging a violation of 12 NYCRR 23-1.7 (d) and granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action based on Labor Law §§ 200 and 241 (6) alleging violations of 12 NYCRR 23-1.7 (e); 23-2.1, 23-3.3 (c), (g); and subpart 23-6.

Ordered that the appeal from the order dated July 10, 2002, is dismissed, without costs or disbursements, as it was superseded by the order dated December 17, 2002, made upon reargument; and it is further,

Ordered that the order dated December 17, 2002, is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the cause of action based on Labor Law § 241 (6) alleging a violation of 12 NYCRR 23-3.3 (c) and substituting therefor a provision denying that branch of the motion; as so modified, the order dated December 17, 2002, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the order dated July 10, 2002, is modified accordingly.

The plaintiff was an employee of the third-party defendant All State Demolition, a subcontractor to the general contractor, the defendant Barney Skanska Construction Co. (hereinafter Barney Skanska), hired to perform demolition work at a building owned by the defendant AT&T Corp., sued herein as AT&T Communications of New York, Inc. (hereinafter AT&T). The plaintiff was removing a large heavy air conditioning duct attached to the ceiling by burning through the metal rods supporting it. He stood directly underneath the duct, which was located in a narrow corridor. The bottom of the duct was anywhere from 20 inches to 5 feet above the top of his head. There were no safety devices used to lower the duct, but two wooden OSHA planks might have been used to help support the duct and provide warning that it was about to fall. According to the plaintiff, the duct started coming down, and as he attempted to get out of the way, he slipped on demolition debris and the duct fell on top of him.

The plaintiff commenced this action against AT&T and Barney Skanska, based on Labor Law §§ 240, 241 (6), and § 200 and common-law negligence. The plaintiff moved for summary judgment on the issue of liability on the cause of action based on Labor Law § 240 (1). At the same time, the defendants moved for summary judgment dismissing the complaint. By order dated

July 10, 2002, the Supreme Court granted the plaintiff's motion, denied that branch of the defendants' motion which was to dismiss the Labor Law § 240 cause of action, granted that branch of the defendants' motion which was to dismiss the causes of action based upon Labor Law § 200 and common-law negligence claim, and granted that branch of the defendants' motion which to dismiss the Labor Law § 241 (6) causes of action for alleged violations of the Industrial Code, except with respect to violations of 12 NYCRR 23-1.7 (d) and 23-3.3 (e) (2). Upon granting the defendants' motion for reargument, by order dated December 17, 2002, the Supreme Court adhered to its prior determination except that it granted that branch of the defendants' motion which was to dismiss the cause of action based on Labor Law § 241 (6) alleging violations of 12 NYCRR 23-1.7 (d). The defendants appeal from so much of the order as granted the plaintiff's motion and denied theirs pertaining to Labor Law § 240. The plaintiff cross-appeals from so much of the order as granted that branch of the defendants' motion to dismiss the causes of action based on Labor Law § 200, common-law negligence, and Labor Law § 241 (6) alleging violations of Industrial Code 12 NYCRR 23-1.7 (d), 23-1.7 (e), 23-2.1, 23-3.3 (c), (g), and subpart 23-6.

Contrary to the defendants' assertion, the plaintiff was engaged in the type of elevation-related work contemplated by Labor Law § 240 (1) that required the use of safety devices (*see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267 [2001]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513 [1991]; *Fegundes v New York Tel. Co.*, 285 AD2d 526, 527 [2001]; *Pope v Supreme-K.R.W. Constr. Corp.*, 261 AD2d 523 [1999]; *Baker v Barron's Educ. Serv. Corp.*, 248 AD2d 655 [1998]). The statute applies where there is a significant risk inherent in the relative elevation at which material or loads must be positioned or secured (*Narducci v Manhasset Bay Assoc., supra*). The plaintiff met his burden of demonstrating that the duct fell because of the absence or inadequacy of a safety device of the kind enumerated in the statute for securing or lowering the load (*see Narducci v Manhasset Bay Assoc., supra* at 268; *Fegundes v New York Tel. Co., supra; Pope v Supreme-K.R.W. Constr. Corp., supra; Baker v Barron's Educ. Serv. Corp., supra*). The defendants' arguments that this was a hazard typically associated with a construction site and that the height of the duct above the plaintiff's head was de minimis are unavailing. Here, the plaintiff had to stand directly underneath a duct that he was removing, which weighed several hundred pounds and could not be supported by him, even if it was 20 inches, not several

feet, above his head. Therefore, the court properly granted the plaintiff's motion for summary judgment on the issue of liability based on Labor Law § 240 (1) and denied the branch of the defendants' motion to dismiss that cause of action.

With respect to the alleged Industrial Code violations, the Supreme Court properly dismissed the causes of action based on Labor Law § 241 (6) alleging violations of 12 NYCRR 23-1.7 (d), (e), 23-2.1, 23-3.3 (g), and subpart 23-6. Section 23-1.7 (d) (Slipping Hazards) is inapplicable because the demolition debris upon which the plaintiff slipped was not the type of foreign substance contemplated by this provision (*see D'Acunti v New York City School Constr. Auth.*, 300 AD2d 107 [2002]; *Miranda v City of New York*, 281 AD2d 403 [2001]; *Rose v A. Servidone*, 268 AD2d 516 [2000]). Section 23-1.7 (e) (1) is inapplicable because it applies to tripping hazards in passageways, but the plaintiff was not using the area as a passageway when the incident occurred. Section 23-1.7 (e) (2), which applies to tripping hazards in working areas, also is inapplicable because the plaintiff testified that he tripped over demolition debris created by him and his coworkers, which was an integral part of the work being performed (*see Harvey v Morse Diesel Intl.*, 299 AD2d 451 [2002]; *Alvia v Teman Elec. Contr.*, 287 AD2d 421 [2001]). Section 23-2.1 (b) (Disposal of Debris) lacks the specificity required to qualify for predicate liability under Labor Law § 241 (6) (*see Fowler v CCS Queens Corp.*, 279 AD2d 505 [2001]; *Lynch v Abax, Inc.*, 268 AD2d 366, 367 [2000]; *Mendoza v Marche Libre Assoc.*, 256 AD2d 133 [1998]). Section 23-3.3 (g) (Protection in Other Areas) is inapplicable because the plaintiff was working in the area where the debris and falling material were, and was not subject to falling debris from another area (*cf. Murtha v Integral Constr. Corp.*, 253 AD2d 637 [1998]). Subpart 23-6 (Material Hoisting), which sets forth requirements for material hoisting equipment, is inapplicable because no such equipment was used (*cf. Flihan v Cornell Univ.*, 280 AD2d 994 [2001]; *D'Acunti v New York City School Constr. Auth., supra*).

The Supreme Court, however, erred in dismissing the cause of action based on Labor Law 241 (6) alleging a violation of 12 NYCRR 23-3.3 (c) (Inspection). Contrary to the defendants' assertion, this subsection applies to the demolition work being performed by the plaintiff. Moreover, "[t]he thrust of this subdivision is to fashion a safeguard, in the form of 'continuing inspections', against hazards which are created by the progress of the demolition work itself" (*Monroe v City of New York*, 67 AD2d 89, 100 [1979]). The defendants' have failed to make a prima facie showing that the required inspections were

performed, and therefore they were not entitled to summary judgment on this cause of action (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]).

In opposition to the defendants' prima facie showing of entitlement to dismissal of the plaintiff's causes of action based on Labor Law § 200 and common-law negligence, the plaintiff failed to raise any material issues of fact that the defendants had any notice of a defective or dangerous condition, or exercised supervision or control over the work being performed (*see Rizzuto v Wenger Contr. Co.*, 91 NY2d 343 [1998]; *Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876 [1993]; *Walker v EklecCo*, 304 AD2d 752 [2003]; *Alexandre v City of New York*, 300 AD2d 263 [2002]; *Shipkoski v Watch Case Factory Assoc.*, 292 AD2d 589 [2002]; *Singleton v Citnalta Constr. Corp.*, 291 AD2d 393 [2002]). Thus, the Supreme Court properly dismissed these causes of action. Altman, J.P., Krausman, Goldstein and Cozier, JJ., concur.