■ Edward Bornschein et al., Appellants-Respondents, v Bernard Shuman, Respondent-Appellant, and J.F.S.P. Building Corp., Defendant and Third-Party Plaintiff-Respondent-Appellant. B & A Demolition & Removal, Inc., Third-Party Defendant-Respondent. [776 NYS2d 307]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Martin, J.), entered February 10, 2003, as granted those branches of the respective motions of the defendants Bernard Shuman and J.F.S.P. Building Corp. which were for summary judgment dismissing the Labor Law § 240 (1) cause of action and those parts of the Labor Law § 241 (6) cause of action which were predicated on 12 NYCRR 23-3.2 (b) and 23-3.3 (h), and denied their cross motion for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action, the defendant J.F.S.P. Building Corp. cross-appeals from so much of the same order as denied those branches of its motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action and that part of the Labor Law § 241 (6) cause of action which was predicated on 12 NYCRR 23-1.8 (c), and the defendant Bernard Shuman cross-appeals from the same order.

Ordered that the cross appeal by the defendant Bernard Shuman is dismissed as abandoned (see 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting those branches of the respective motions which were for summary judgment dismissing the Labor Law § 240 (1) cause of action and substituting therefor a provision denying those branches of the respective motions and (2) deleting the provision thereof denying the plaintiffs' cross motion for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action and substituting therefor a provision granting the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff Edward Bornschein (hereinafter the plaintiff) was an employee of the third-party defendant B & A Demolition and Removal, Inc., a demolition subcontractor to the defendant J.F.S.P. Building Corp. (hereinafter JFSP). JFSP was retained to raze a one-story building on a property owned by the defendant

Bernard Shuman. The plaintiff drove a packer truck, which is used to crush, pack, and transport demolition debris. On July 14, 2000, as the plaintiff was on the site waiting to pick up a load of debris, he was struck in the head by a horizontal steel beam that unexpectedly fell from the top of the building's frame. Unlike the other workers present at the site, the plaintiff was not wearing a safety hat. At the time of the accident, demolition workers were cutting the roof and stripping the masonry, wood, and other material holding the steel beams in place, in preparation for the cutting and torching of the steel structure, which was to begin later that day. No equipment was used to secure the beam that injured the plaintiff, despite the fact that the beam was not bolted to the front and rear walls of the building but was held in place only by the masonry.

Contrary to the defendants' contentions, in light of the nature and purpose of the work being performed at the time of the accident, there was a significant risk that an unsecured steel beam would fall, causing injury to a worker on the ground, such as the plaintiff. Accordingly, the owner and contractor were obligated under Labor Law § 240 (1) to use appropriate safety devices to secure the beam (see Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267 [2001]; Salinas v Barney Skanska Constr. Co., 2 AD3d 619 [2003]; Ortlieb v Town of Malone, 307 AD2d 679 [2003]; Orner v Port Auth. of N.Y. & N.J., 293 AD2d 517 [2002]). Since there is no triable issue of fact regarding the cause of the plaintiff's injury or the lack of safety equipment used to secure the beam, the Supreme Court should have denied those branches of the respective motions which were to dismiss the Labor Law § 240 (1) cause of action and granted the plaintiffs' cross motion for summary judgment on the issue of liability on that cause of action (see Salinas v Barney Skanska Constr. Co., supra; Wallace v Stonehenge Group, 1 AD3d 589 [2003]; Outar v City of New York, 286 AD2d 671, 672 [2001]).

The Supreme Court properly denied that branch of the motion of JFSP which was for summary judgment dismissing that part of the Labor Law § 241 (6) cause of action which was predicated on 12 NYCRR 23-1.8 (c) (1). Those provisions, read together, require the owner and contractor to provide an approved safety hat to "[e]very person required to work or pass within any area where there is a danger of being struck by falling objects or materials." The provisions of 12 NYCRR 23-1.8 (c) (1) contain "concrete specifications" and, on this record, JFSP failed to establish its prima facie entitlement to summary judgment dismissing the Labor Law § 241 (6) claim predicated thereon (see Sikorski v Burroughs Dr. Apts., 306 AD2d 844

[2003]; *Donovan v S & L Concrete Constr. Corp.*, 234 AD2d 336, 337 [1996]). Similarly, the Supreme Court correctly denied that branch of the motion which was to dismiss the Labor Law § 200 and common-law negligence causes of action, as JFSP failed to make a prima facie showing that it had no authority to control the activity that brought about the plaintiff's injury, to enable it to avoid or correct the unsafe condition (*see Singleton v Citnalta Constr. Corp.*, 291 AD2d 393 [2002]; *Braun v Fischbach & Moore*, 280 AD2d 506, 507 [2001]).

The defendant Bernard Shuman failed to include, in his answering brief, any points of argument on his cross appeal or any request for affirmative relief. Under the circumstances, we dismiss his cross appeal as abandoned (*see* 22 NYCRR 670.8 [c] [3]).

The plaintiffs' remaining contentions are without merit. H. Miller, J.P., Luciano, Schmidt and Townes, JJ., concur.