■ DEAN COSTA, Respondent, v PIERMONT PLAZA REALTY, INC., et al., Appellants, A&J CIANCIULLI, INC., et al., Respondents, et al., Defendants. [781 NYS2d 372]—

In an action to recover damages for personal injuries, the defendants Piermont Plaza Realty, Inc., Piermont Plaza Realty, LLC, Piermont Residential Corporation, Piermont 21 Corporation, Piermont Commons Realty, Inc., and Philip Griffin appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Bergerman, J.), dated April 15, 2003, as granted that branch of the motion of the defendants A&J Cianciulli, Inc., A&J Crane Rental, Inc., Tri-State Concrete Pumping Corp., and Cherry Pickers, Inc., which was for summary judgment dismissing the cross claims insofar as asserted against the defendant A&J Cianciulli, Inc., and granted the plaintiff's cross motion for summary judgment on his Labor Law § 240 (1) claim against the defendants Piermont Plaza Realty, Inc., and Philip Griffin.

Ordered that the appeal by the defendants Piermont Plaza Realty, LLC, Piermont Residential Corporation, Piermont 21 Corporation, and Piermont Commons Realty, Inc., from so much of the order as granted the plaintiff's cross motion for summary judgment on his Labor Law § 240 (1) claim against the defendants Piermont Plaza Realty, Inc., and Philip Griffin is dismissed, as those defendants are not aggrieved by that part of the order; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The plaintiff, a cement mason, was injured when he was struck by a steel beam while laying cement on the third and uppermost floor of a building under construction. At the time of the accident, cement was being pumped to the third floor through a cement pump truck owned by the defendant A&J Cianciulli, Inc. (hereinafter A&J). The truck was outfitted with a 105-foot-long mounted boom with a 10-foot hose attached to its end, through which concrete was poured. The defendant Piermont Plaza Realty, Inc. (hereinafter Piermont Plaza), owned the premises and was the general contractor for the construction at the site. The defendant Philip Griffin was the president

and sole shareholder of Piermont Plaza. A&J leased the pump truck to Piermont Plaza, and supplied it with an operator. Although the operator was an employee of A&J, Piermont Plaza paid his wages and union dues, and deducted taxes for the work he performed.

On the date of the accident, the roof, which was not complete, consisted of trusses and I-beams. The pump truck operator, who was seated in the truck outside the premises, was unable to see the areas of the third floor where the cement was being poured, and operated the pump in response to signals given to him by a "signalman." During the course of pumping cement to the third floor, the cement boom struck a beam for the roof, causing it to fall and strike the plaintiff.

The Supreme Court properly granted that branch of A&J's motion which was for summary judgment dismissing the cross claims insofar as asserted against it, since the pump operator was Piermont Plaza's special employee as a matter of law. Where an employee "is transferred for a limited time of whatever duration to the service of another," a special employment relationship is created (*Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557 [1991]; *see Albanese v R.C. Billings, Inc.*, 267 AD2d 866, 867 [1999]). A&J leased the concrete pump to Piermont Plaza and an employee to operate it to perform a task that was Piermont Plaza's sole responsibility. Piermont Plaza paid the pump operator's salary, and directed the manner, details, and ultimate result of his work on the day of the accident. Thus, as a matter of law, the plaintiff was a special employee of Piermont Plaza at that time (*see Thompson v Grumman Aerospace Corp.*, *supra; Dicenzo v New York Shovel & Crane Corp.*, 308 NY 871 [1955]; *Martin v Baldwin Union Free School Dist.*, 271 AD2d 579 [2000]).

Moreover, the Supreme Court properly granted the plaintiff's cross motion for summary judgment on his Labor Law § 240 (1) claim. In light of the nature and purpose of the work being performed at the time of the accident, there was a significant risk that an unsecured steel beam would fall, injuring a worker, such as the plaintiff (*see Bornschein v Shuman*, 7 AD3d 476 [2004]; *Sherman v Babylon Recycling Ctr.*, 218 AD2d 631 [1995]). Accordingly, Piermont Plaza was obligated under Labor Law § 240 (1) to use appropriate safety devices to secure the beam (*see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267 [2001]; *Bornschein v Shuman, supra; Orner v Port Auth. of N.Y. & N.J.*, 293 AD2d 517 [2002]). Adams, J.P., Cozier, Spolzino and Lifson, JJ., concur.