■ MICHAEL ERNEST et al., Appellants, v PLEASANTVILLE UNION FREE SCHOOL DISTRICT et al., Respondents. [811 NYS2d 573]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Colabella, J.), entered September 21, 2005, which denied their motion for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

Labor Law § 240 (1) imposes absolute liability on owners, contractors, and their agents for any breach of the statute that proximately causes a worker's injury (*see Panek v County of Albany*, 99 NY2d 452, 457 [2003]; *Bland v Manocherian*, 66 NY2d 452, 459 [1985]). Where, as here, the plaintiff made a prima facie showing of liability on a motion for summary judgment, the burden shifted to the defendants, the owner of the building and the construction manager of the work performed, to present evidence sufficient to raise a triable issue of fact as to whether there was no statutory violation and whether the worker's own conduct was the sole proximate cause of the accident (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289 [2003]; *Kijak v 330 Madison Ave. Corp.*, 251 AD2d 152 [1998]). Contrary to the determination of the Supreme Court, the defendants failed to raise a triable issue of fact. The defendants did not offer any evidence, other than mere speculation and hearsay, to refute the plaintiffs' showing or to raise a bona fide issue as to how the accident occurred (*see Taeschner v M & M Restorations*, 295 AD2d 598, 599 [2002];

*Schuler v Kings Plaza Shopping Ctr. & Mar.*, 294 AD2d 556, 558 [2002]; *Pineda v Kechek Realty Corp.*, 285 AD2d 496, 497 [2001]; *Whalen v Sciame Constr. Co.*, 198 AD2d 501 [1993]; *Figueroa v Manhattanville Coll.*, 193 AD2d 778 [1993]; *Bras v Atlas Constr. Corp.*, 166 AD2d 401 [1990]; *cf. Williams v Dover Home Improvement*, 276 AD2d 626 [2000]; *Nelson v Ciba-Geigy*, 268 AD2d 570 [2000]). Therefore, the plaintiffs' motion for summary judgment on the issue of liability under Labor Law § 240 (1) should have been granted. Prudenti, P.J., Florio, Goldstein and Lunn, JJ., concur.