■ JOSE PORTILLO, Respondent, v ROBY ANNE DEVELOPMENT, LLC, Appellant, et al., Defendant. (And a Third-Party Action.) [819 NYS2d 566]—

In an action to recover damages for personal injuries, the defendant Roby Anne Development, LLC, true name Rubyanne Development, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Grays, J.), dated August 19, 2005, as denied those branches of its motion which were for summary judgment dismissing the causes of action to recover damages pursuant to Labor Law § 240 (1) and § 241 (6) insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the cause of action pursuant to Labor Law § 241 (6) insofar as asserted against the appellant, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the cause of action pursuant to Labor Law § 241 (6) is dismissed insofar as asserted against the appellant.

The defendant Roby Anne Development, LLC, true name Rubyanne Development, LLC (hereinafter Rubyanne), failed to make a prima facie showing that Labor Law § 240 (1) is inapplicable herein. Under the statute, liability may be imposed where an object or material that fell, causing injury, was "a load that required securing for the purposes of the undertaking at the time it fell" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]; *see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494 [1993]; *Orner v Port Auth. of N.Y. & N.J.*, 293 AD2d 517 [2002]; *Baker v Barron's Educ. Serv. Corp.*, 248 AD2d 655, 656 [1998]). Here, the steel beam that fell on the plaintiff was

part of material being cleared from the site of a partially demolished building by the plaintiff's employer, a demolition contractor. Rubyanne failed to demonstrate that the unsecured beam did not present a significant risk of injury to nearby workers and that Rubyanne, as the owner of the premises, was not obligated under Labor Law § 240 (1) to use appropriate safety devices to secure the beam (see Bornschein v Shuman, 7 AD3d 476, 478 [2004]). Rubyanne's contention that the beam did not pose the kind of elevation-related hazard contemplated by the statute is also without merit on this record (see Outar v City of New York, 5 NY3d 731 [2005]; cf. Rocovich v Consolidated Edison Co., 78 NY2d 509 [1991]). Similarly unavailing is its contention that any hazard presented by the unsecured beam was a risk inherent in the nature of the demolition work being performed (cf. Misseritti v Mark IV Constr. Co., 86 NY2d 487, 491 [1995]). Accordingly, the Supreme Court properly denied that branch of Rubyanne's motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against it.

However, the Supreme Court erred in denying that branch of the motion which was for summary judgment dismissing the plaintiff's Labor Law § 241 (6) cause of action insofar as asserted against Rubyanne. "In order to recover on a cause of action alleging a violation of Labor Law § 241 (6), a plaintiff must establish the violation of an Industrial Code provision which sets forth specific safety standards" (Handlovic v Bedford Park Dev., Inc., 25 AD3d 653, 654 [2006], lv denied 7 NY3d 701 [2006]; see also Ross v Curtis-Palmer Hydro-Elec. Co., supra at 502). As a basis for his Labor Law § 241 (6) claim, the plaintiff cited, inter alia, 12 NYCRR 23-1.7 (a) (1). Contrary to the Supreme Court's determination, that provision, although sufficiently specific (see Zervos v City of New York, 8 AD3d 477, 480 [2004]), is inapplicable to the facts presented here as there is no evidence to support the section's requirement that the area in which the plaintiff was injured was one where workers are normally exposed to falling objects (see Sears v Niagara County Indus. Dev. Agency, 258 AD2d 918, 919 [1999]; Amato v State of New York, 241 AD2d 400, 402 [1997]). The remaining Industrial Code provisions cited by the plaintiff are either similarly inapplicable or raised for the first time on appeal. Accordingly, the Labor Law § 241 (6) claim should have been dismissed insofar as asserted against Rubyanne.

Contrary to Rubyanne's contention, the Supreme Court did not fail to address that branch of its motion which was for summary judgment dismissing the cause of action based on common-

law negligence principles. Under the circumstances of this case, in finding that the appellant exercised no supervision or control over the activity which resulted in the plaintiff's injury and dismissing the "causes of action premised upon Labor Law § 200," the Supreme Court, in effect, granted that branch of the motion which was for summary judgment dismissing the common-law negligence claim (see *Cun-En Lin v Holy Family Monuments,* 18 AD3d 800, 801 [2005]). Florio, J.P., Skelos, Fisher and Dillon, JJ., concur.