█ Audobon Lucas et al., Respondents, v Fulton Realty Partners, LLC, et al., Defendants, and 30 Warren Place Corp., Appellant. [876 NYS2d 480]—

In an action to recover damages for personal injuries, the defendant 30 Warren Place Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Johnson, J.), dated June 28, 2007, as granted the plaintiffs' motion for summary judgment on the issue of liability insofar as asserted against it on the Labor Law § 240 (1) causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs were hired to work within a 30,000 to 40,000 square-foot warehouse owned by the defendant 30 Warren Place Corp. (hereinafter the appellant). The work included the

dismantling and removal of several steel storage cages that were approximately 20 feet tall, and otherwise of varying sizes. The cages were bolted to the support beams of the building's wall, floor, and ceiling. Some were situated in the middle of the warehouse space, and others were placed against the walls. The interiors of the cages were divided into two "tiers." The cages were used for storage of theatrical equipment, as well as pipes and sheet metal.

The plaintiff Audobon Lucas was working with a crew assigned to remove the cages affixed to the walls. The tools used in the work consisted of, inter alia, torches, crowbars, hammers, a "J-bar" (which Lucas described as a "crowbar on wheels"), pry bars, certain power tools, ladders, and scaffolds. Lucas explained at his deposition that one worker would cut the bolts securing the cages to the walls with a blow torch, and the others would use crowbars to pry the cages from the walls.

At the time of the accident that is the subject of this action, Lucas was standing on a scaffold attempting to pry a large cage from the wall. Within this cage was a tier approximately 8 to 10 feet above the ground. On this tier was a stack of metal sheets measuring 5 feet by 10 feet which, Lucas estimated, weighed more than one ton. As Lucas was working to pry the cage from the wall, one side of the tier dropped and sheets of metal began to slide out toward him. The sheet metal struck Lucas and the scaffold, knocking both to the ground. The sheet metal then landed on him.

At the time of the accident, the plaintiff Lawrence J. Brex was working on the floor approximately two feet away from Lucas. According to Brex's deposition testimony, he instinctively moved toward Lucas as the sheet metal was falling, and attempted to prevent the pieces of sheet metal from falling onto Lucas. The sheets were too heavy for Brex to restrain, and both plaintiffs sustained injuries before others came to their assistance.

The plaintiffs made a prima facie showing of entitlement to judgment as a matter of law on the issue of liability on their Labor Law § 240 (1) causes of action insofar as asserted against the appellant, and in response, the appellant failed to raise a triable issue of fact (*see Nimirovski v Vornado Realty Trust Co.*, 29 AD3d 762, 763 [2006]). Contrary to the appellant's contention, the plaintiffs were engaged in an activity enumerated in the statute. They were not, as the appellant contends, engaged in mere "decorative modification," and the Supreme Court properly determined that the subject work constituted "altering" within the meaning of Labor Law § 240 (1) (*see Panek v*

*County of Albany*, 99 NY2d 452, 458 [2003]; *Joblon v Solow*, 91 NY2d 457, 465 [1998]; *see also Morales v D & A Food Serv.*, 10 NY3d 911, 912-913 [2008]; *Sanatass v Consolidated Inv. Co., Inc.*, 10 NY3d 333, 337 [2008]; *Becker v ADN Design Corp.*, 51 AD3d 834, 836-837 [2008]; *Morales v City of New York*, 245 AD2d 431, 432 [1997]).

Furthermore, contrary to the appellant's assertion, "falling object" liability under the statute is not limited to objects that are in the process of being hoisted or secured (*see Quattrocchi v F.J. Sciame Constr. Corp.*, 11 NY3d 757, 758-759 [2008]), but extends also to objects that "require[ ] securing for the purposes of the undertaking" (*Outar v City of New York*, 5 NY3d 731, 732 [2005]). Here, in light of the nature and purpose of the work being performed at the time of the accident, there was a significant risk that the unsecured sheet metal would fall, and cause injuries to workers such as the plaintiffs. Accordingly, the appellant was obligated under Labor Law § 240 (1) to use appropriate safety devices to secure the load (*see Bornschein v Shuman*, 7 AD3d 476, 478 [2004]; *Salinas v Barney Skanska Constr. Co.*, 2 AD3d 619, 620-622 [2003]; *cf. Portillo v Roby Anne Dev., LLC*, 32 AD3d 421, 422 [2006]; *Outar v City of New York*, 286 AD2d 671 [2001]).

The appellant's submission of unsworn workers' compensation forms, completed by persons with no apparent firsthand information of how the accident occurred, was insufficient to raise a triable issue of fact with respect to the issue of causation (*see Toussaint v Ferrara Bros. Cement Mixer*, 33 AD3d 991, 992 [2006]; *Hanly v Quaker Chem. Co., Inc.*, 29 AD3d 860, 861 [2006]; *Bates v Yasin*, 13 AD3d 474 [2004]; *Reed v New York City Tr. Auth.*, 299 AD2d 330, 332 [2002]; *Morissaint v Raemar Corp.*, 271 AD2d 586, 587 [2000]; *Daliendo v Johnson*, 147 AD2d 312, 321 [1989]). Accordingly, since there were no triable issues of fact, summary judgment was properly awarded to the plaintiffs against the appellant on the issue of liability on the Labor Law § 240 (1) causes of action.

The appellant's remaining contentions are either without merit or improperly raised for the first time on appeal. Spolzino, J.P., Florio, Miller and Eng, JJ., concur.