■ LUIS MORA et al., Respondents, v BOSTON PROPERTIES, INC., et al., Appellants. [913 NYS2d 578]—

In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated November 16, 2009, as granted the plaintiffs' motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1).

Ordered that the order is affirmed insofar as appealed from, with costs.

While employed as a demolition laborer at a construction site, the injured plaintiff was reassembling piles of construction debris which were being hoisted by machine for transfer into a garbage truck, when an unsecured 20-foot-long steel I-beam fell and struck him. The plaintiffs brought this action against the owner, general contractors, and related corporate entities working at the site, and moved, inter alia, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). The Supreme Court, among other things, granted that branch of the motion, and we affirm the order insofar as appealed from.

In support of their motion, the plaintiffs made a prima facie showing of entitlement to judgment as a matter of law on the

issue of liability against the defendants pursuant to Labor Law § 240 (1) (*see Lucas v Fulton Realty Partners, LLC*, 60 AD3d 1004, 1005 [2009]; *Portillo v Roby Anne Dev., LLC*, 32 AD3d 421, 422 [2006]; *Ernest v Pleasantville Union Free School Dist.*, 28 AD3d 419 [2006]; *Bornschein v Shuman*, 7 AD3d 476, 478 [2004]), by demonstrating, inter alia, that the steel beam that fell on the injured plaintiff was part of the material being cleared from the construction site and "was . . . a load that required securing for the purposes of the undertaking at the time it fell" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]; *see Outar v City of New York*, 5 NY3d 731, 732 [2005]; *Portillo v Roby Anne Dev., LLC*, 32 AD3d at 421-422; *Costa v Piermont Plaza Realty, Inc.*, 10 AD3d 442, 444 [2004]).

Since it is undisputed that the defendants failed to use safety devices to secure the beam, the defendants failed to raise a triable issue of fact as to their liability pursuant to Labor Law § 240 (1) (*see Lucas v Fulton Realty Partners, LLC*, 60 AD3d at 1006; *Ernest v Pleasantville Union Free School Dist.*, 28 AD3d 419 [2006]; *Bornschein v Shuman*, 7 AD3d at 478). Contrary to the defendants' contention, since the facts concerning the accident are undisputed, the plaintiffs' motion for summary judgment on the issue of liability was not premature (*see Belitsis v Airborne Express Frgt. Corp.*, 306 AD2d 507, 508 [2003]; *Gillinder v Hemmes*, 298 AD2d 493, 494 [2002]). Skelos, J.P., Balkin, Leventhal and Hall, JJ., concur.