Stephen Pritchard et al., Appellants, v Tully Construction Co., Inc., Respondent. [918 NYS2d 154]—

The plaintiff Stephen Pritchard, a dock builder employed on a project to reconstruct a viaduct, was injured when he was struck by a motor dropped by two of his coworkers. According to the injured plaintiff, the accident occurred when his coworkers were attempting to attach the motor, which weighed 300 to 350 pounds, to the end of a 20-foot-high pipe. The injured plaintiff had been stationed by his supervisor approximately two to three feet beneath the motor, in order to bolt the bottom of the motor to the pipe. It is undisputed that the motor was not secured by a hoist or other safety device, and that the injured plaintiff's coworkers were attempting to lift it and position it using only their hands. Following the accident, the injured plaintiff and his wife, suing derivatively, commenced this action against the defendant general contractor seeking, inter alia, to recover damages for violation of Labor Law § 240 (1). After depositions had been conducted, the plaintiffs moved for summary judgment on the issue of liability on so much of the complaint as alleged a violation of Labor Law § 240 (1). The Supreme Court denied the plaintiffs' motion, and we reverse.

The plaintiffs made a prima facie showing of their entitlement to judgment as a matter of law on the issue of liability on so much of the complaint as alleged a violation of Labor Law § 240 (1). The injured plaintiff was engaged in work within the ambit of the statute because it subjected him to the risk of harm directly flowing from the application of the force of gravity to an object (*see Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 604 [2009]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]), and the motor which fell on him was an object that "required securing for the purposes of the undertaking" being performed (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]; *see Outar v City of New York*, 5 NY3d

731, 732 [2005]; *Mora v Boston Props., Inc.*, 79 AD3d 1109 [2010]; *Lucas v Fulton Realty Partners, LLC*, 60 AD3d 1004, 1006 [2009]; *Salinas v Barney Skanska Constr. Co.*, 2 AD3d 619, 621-622 [2003]). Contrary to the defendant's contention, the nature of the work being performed at the time of the accident posed a significant risk that the motor weighing 300 to 350 pounds would fall while workers were lifting and attempting to position it on the end of the pipe and, thus, the defendant was obligated to provide appropriate safety devices to hoist and secure this heavy object (*see Cardenas v One State St., LLC*, 68 AD3d 436, 437 [2009]; *Lucas v Fulton Realty Partners, LLC*, 60 AD3d at 1006; *Salinas v Barney Skanska Constr. Co.*, 2 AD3d at 621-622).

In opposition to the motion, the defendant failed to raise a triable issue of fact. Since the defendant failed to provide appropriate safety devices for hoisting and securing the motor, the injured plaintiff's alleged negligence in failing to use another type of safety device, which would not have prevented the motor from falling, could not have been the sole proximate cause of the accident (*see Mora v Boston Props., Inc.*, 79 AD3d 1109 [2010]; *Ortiz v 164 Atl. Ave., LLC*, 77 AD3d 807, 809 [2010]; *Zong Mou Zou v Hai Ming Constr. Corp.*, 74 AD3d 800, 801 [2010]). Mastro, J.P., Dillon, Eng and Sgroi, JJ., concur.