■ SUNG KYU-TO, Appellant, v TRIANGLE EQUITIES, LLC, et al., Respondents. (And a Third-Party Action.) [923 NYS2d 628]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Markey, J.), entered August 25, 2009, which, upon the granting of the defendants' motion, in effect, pursuant to CPLR 4401 for judgment as a matter of law, made at the close of the evidence, is in favor of the defendants and against him dismissing the complaint.

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the cause of action to recover damages for a violation of Labor Law § 240 (1); as so modified, the judgment is affirmed, with one bill of costs payable to the plaintiff, the cause of action to recover damages for a violation of Labor Law § 240 (1) is reinstated and severed, that branch of the defendants' motion which was, in effect, pursuant

to CPLR 4401 for judgment as a matter of law dismissing that cause of action is denied, and the matter is remitted to the Supreme Court, Queens County, for a new trial on that cause of action in accordance herewith.

The plaintiff allegedly was injured inside a five-story building where he was employed as a demolition laborer. At trial, the plaintiff testified that the demolition of the building had begun, and that portions of some of the floors and roof had been removed, leaving holes between the different levels. The demolition involved the use of hammers to break up stucco, and other material and beams and wires located in between floors had to be cut. Other workers were engaged in repairing broken bricks and laying cement. Stacks of debris were collected in milk crates and dumped to the street below. Larger pieces of wood were thrown out the holes where the windows had been located.

The plaintiff testified that, on the date of the accident, he was on the first floor gathering his tools, when he heard a noise and then felt something drop onto his head. The first impact was followed by a heavier impact which knocked the plaintiff unconscious. When the plaintiff regained consciousness, he was looking up through the building at the sky. The plaintiff testified that debris "showered down from the building" and that broken bricks, dried cement, pieces of wood, and tangled-up electrical wires "dropped and buried [him]."

At the close of evidence, the defendants moved, in effect, pursuant to CPLR 4401 for judgment as a matter of law. The Supreme Court granted the motion. A judgment was entered in favor of the defendants and against the plaintiff, dismissing the complaint.

"To be entitled to judgment as a matter of law pursuant to CPLR 4401, a defendant has the burden of showing that there is no rational process by which the jury could find in favor of the plaintiff and against the moving defendant" (*Velez v Goldenberg*, 29 AD3d 780, 781 [2006]; *see Wehr v Long Is. R.R. Co.*, 38 AD3d 880, 880-881 [2007]). "In considering the motion for judgment as a matter of law, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *see Centennial Contrs. Enters. v East N.Y. Renovation Corp.*, 79 AD3d 690 [2010]).

" '[F]alling object' liability under Labor Law § 240 (1) is not limited to cases in which the falling object is in the process of being hoisted or secured" (*Quattrocchi v F.J. Sciame Constr. Corp.*, 11 NY3d 757, 758-759 [2008]; *see Vargas v City of New*

*York*, 59 AD3d 261, 261 [2009]). Rather, liability may be imposed where an object or material that fell, causing injury, was "a load that required securing for the purposes of the undertaking at the time it fell" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]; *see Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514 [1991]; *Portillo v Roby Anne Dev., LLC*, 32 AD3d 421, 421 [2006]).

Viewing the evidence in a light most favorable to the plaintiff and affording him the benefit of every favorable inference, we conclude that the evidence adduced at trial provided a rational basis upon which the jury could have determined that the defendants were liable for damages based upon a violation of Labor Law § 240 (1). Notwithstanding evidence which would have permitted the jury to conclude that the plaintiff did not know exactly what struck him, the jury could have reasonably concluded that the plaintiff was injured by material that was being removed from, or repaired at, the demolition site (*see Mora v Boston Props., Inc.*, 79 AD3d 1109, 1109-1110 [2010]; *Vargas v City of New York*, 59 AD3d at 261; *Portillo v Roby Anne Dev., LLC*, 32 AD3d at 421-422; *cf. Narducci v Manhasset Bay Assoc.*, 96 NY2d at 268), and given the nature and purpose of the work that was being performed at the time of his injury, such material presented a significant risk of injury such that the defendants were obligated under Labor Law § 240 (1) to use appropriate safety devices to secure the material that fell (*see Quinteros v P. Deblasio, Inc.*, 82 AD3d 861 [2011]; *Costa v Piermont Plaza Realty, Inc.*, 10 AD3d 442, 444 [2004]; *Bornschein v Shuman*, 7 AD3d 476, 478 [2004]; *see also Orner v Port Auth. of N.Y. & N.J.*, 293 AD2d 517, 517 [2002]; *Baker v Barron's Educ. Serv. Corp.*, 248 AD2d 655, 656 [1998]; *cf. Roberts v General Elec. Co.*, 97 NY2d 737, 738 [2002]). Accordingly, the Supreme Court improperly granted that branch of the defendants' motion which was for judgment as a matter of law dismissing the cause of action to recover damages for a violation of Labor Law § 240 (1).

However, the Supreme Court properly granted that branch of the defendants' motion which was for judgment as a matter of law dismissing the cause of action to recover damages based upon a violation of Labor Law § 241 (6). In this regard, the plaintiff failed to allege, let alone establish, the violation of an Industrial Code provision which sets forth specific applicable safety standards (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 349 [1998]; *Shaw v RPA Assoc., LLC*, 75 AD3d 634, 636-637 [2010]; *Cambizaca v New York City Tr. Auth.*, 57 AD3d 701, 702 [2008]; *cf. Galarraga v City of New York*, 54 AD3d 308, 310

[2008]). Accordingly, the matter must be remitted to the Supreme Court, Queens County, for a new trial limited to the cause of action to recover damages based upon a violation of Labor Law § 240 (1). Angiolillo, J.P., Florio, Belen and Miller, JJ., concur.