■ Marcus McLean, Respondent-Appellant, v 405 Webster Avenue Associates et al., Respondents. Mastec Incorporated

et al., Appellants-Respondents and LINEAR TECHNOLOGIES, INC., Defendant/Third-Party Plaintiff-Appellant-Respondent. ORIGINAL COMMUNICATIONS, Third-Party Defendant-Respondent-Appellant. (And Another Third-Party Action.) [951 NYS2d 185]—

In an action to recover damages for personal injuries, the defendant Mastec Incorporated and the defendants Verizon New York, Inc., and Verizon Communications, Inc., doing business as Verizon, separately appeal, as limited by their respective notices of appeal and briefs, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated August 9, 2010, as denied those branches of their respective cross motions which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against each of them; the defendant/third-party plaintiff, Linear Technologies, Inc., separately appeals from so much of the same order as denied those branches of its cross motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against it, so much of the cause of action alleging a violation of Labor Law § 241 (6) as was based upon an alleged violation of 12 NYCRR 23-1.8 (c) insofar as asserted against it, and all cross claims asserted against it, and for summary judgment on its third-party cause of action against Original Communications, Inc., for contractual indemnification; the third-party defendant Original Communications, Inc., cross-appeals, as limited by its notice of appeal and brief, from so much of the same order as denied those branches of its cross motion which were for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241 (6) as was based upon an alleged violation of 12 NYCRR 23-1.8 (c); and the plaintiff cross-appeals from so much of the same order as granted those branches of the respective cross motions which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) and so much of the cause of action alleging a violation of Labor Law § 241 (6) as was based upon an alleged violation of 12 NYCRR 23-2.5 (a) (1), and denied that branch of his motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) and so much of the cause of action alleging a violation of

Labor Law § 241 (6) as was based upon alleged violations of 12 NYCRR 23-1.8 (c) and 23-2.5 (a) (1).

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

On April 18, 2007, the plaintiff, an employee of the third-party defendant Original Communications, Inc. (hereinafter Original), was installing microduct (a protective housing for fiber optic cable) in a dumbwaiter shaft of a building owned by the defendant 405 Webster Avenue Associates (hereinafter the owner). While allegedly standing on a dumbwaiter cart in the shaft, he was hit by the counterweight for the dumbwaiter, and allegedly sustained personal injuries, including broken vertebrae in his neck.

The installation of the microduct was performed pursuant to a contract between Verizon New York, Inc., and Verizon Communications, Inc., doing business as Verizon (hereinafter together the Verizon defendants), and Mastec Incorporated (hereinafter Mastec), which acted as general contractor for the project. Mastec in turn subcontracted the installation of the microduct to the defendant Linear Technologies, Inc. (hereinafter Linear), which hired Original to perform the actual installation work.

The plaintiff commenced this action to recover damages for personal injuries against, among others, the owner, the Verizon defendants, Mastec, and Linear, alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6). The cause of action alleging a violation of Labor Law § 241 (6) was based, inter alia, on alleged violations of 12 NYCRR 23-1.8 (c) and 23-2.5 (a) (1). Linear interposed a third-party cause of action against Original for contractual indemnification.

After discovery, the plaintiff moved for summary judgment on the issue of liability, and the Verizon defendants, Mastec, and Linear separately cross-moved, inter alia, for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them. Linear also cross-moved for summary judgment on its third-party cause of action against Original for contractual indemnification. Original separately cross-moved for summary judgment dismissing the complaint and the third-party complaints against it. In the order appealed from, the Supreme Court, inter alia, awarded the Verizon defendants, Mastec, Linear, and Original (hereinafter collectively the moving defendants) summary judgment dismissing the causes of action alleging violations of Labor Law § 240 (1) and so much of the cause of action alleging a violation of Labor Law § 241 (6) as was based upon an alleged violation of 12 NYCRR 23-2.5 (a) (1),

and denied those branches of the moving defendants' respective cross motions which were for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241 (6) as was based upon an alleged violation of 12 NYCRR 23-1.8 (c) (1), and the causes of action alleging common-law negligence and a violation of Labor Law § 200. The Supreme Court denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6). The Supreme Court also denied that branch of Linear's cross motion which was for summary judgment on its third-party cause of action against Original for contractual indemnification, on the ground that there were issues of fact as to whether Linear's own negligence contributed to the accident (*see McLean v 405 Webster Ave. Assoc.*, 28 Misc 3d 1219[A], 2010 NY Slip Op 51396[U] [2010]).

Labor Law § 200 codifies the common-law duty of an owner or general contractor to provide employees with a safe place to work (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]). Liability pursuant to Labor Law § 200 may fall into two broad categories: workers "injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (*Ortega v Puccia*, 57 AD3d 54, 61 [2008]). Here, the plaintiff alleged that he was injured as a result of a dangerous or defective condition at the work site.

Where an accident results from a dangerous condition at the work site, a general contractor "may be liable in common-law negligence and under Labor Law § 200 only if it had control over the work site and either created the dangerous condition or had actual or constructive notice of it" (*Sotomayer v Metropolitan Transp. Auth.*, 92 AD3d 862, 864 [2012]; *see Schultz v Hi-Tech Constr. & Mgt. Servs., Inc.*, 69 AD3d 701, 701-702 [2010]; *Urban v No. 5 Times Sq. Dev., LLC*, 62 AD3d 553, 556 [2009]; *Van Salisbury v Elliott-Lewis*, 55 AD3d 725, 726 [2008]). Constructive notice may be imputed to the general contractor if the dangerous condition is visible and apparent and existed for a sufficient length of time prior to the accident to permit the general contractor to discover it and remedy it (*see Spindell v Town of Hempstead*, 92 AD3d 669 [2012]).

"The owner's duty to provide a safe place to work encompasses the duty to make reasonable inspections" (*Kennedy v McKay*, 86 AD2d 597, 598 [1982]; *see Colon v Bet Torah, Inc.*, 66 AD3d 731, 732 [2009]; *Wynne v State of New York*, 53 AD3d 656, 658 [2008]), and the question of whether the danger should

have been apparent upon visual inspection is generally a question of fact (*see Urban v No. 5 Times Sq. Dev., LLC*, 62 AD3d at 555). This duty extends to general contractors with control over the work site (*see id.* at 556).

The deposition testimony reveals that the accident occurred when the plaintiff was hit by the counterweight for the dumbwaiter. Some of the workers involved in the project testified that they were apprehensive of danger in the dumbwaiter shaft where the accident occurred. Unlike the other dumbwaiter shafts on the site, which had been cleared of all old equipment, the dumbwaiter shaft where the accident occurred still housed a dumbwaiter cart and an old pulley system involving ropes. Original's supervisor described the ropes as "very fragile."

Since there was conflicting evidence as to which of the moving defendants had a duty to inspect the shafts, and issues of fact existed as to which of the moving defendants, if any, had control over the work site and constructive notice of the allegedly dangerous condition, an award of summary judgment with respect to the causes of action alleging common-law negligence and a violation of Labor Law § 200 was not warranted. Further, since there are triable issues of fact as to Linear's own negligence, the Supreme Court properly denied that branch of its cross motion which was for summary judgment on its third party cause of action against Original for contractual indemnification, since Linear cannot be indemnified for its own negligence (*see* General Obligations Law § 5-322.1; *Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 180-181 [1990]; *Kielty v AJS Constr. of L.I., Inc.*, 83 AD3d 1004, 1006 [2011]; *Bellefleur v Newark Beth Israel Med. Ctr.*, 66 AD3d 807, 809 [2009]; *Callan v Structure Tone, Inc.*, 52 AD3d 334, 335 [2008]; *Alesius v Good Samaritan Hosp. Med. & Dialysis Ctr.*, 23 AD3d 508 [2005]).

The Supreme Court properly concluded that Labor Law § 241 (6) applied to this project because the project involved alteration of a building or structure, which satisfied the definition of construction work (*see* 12 NYCRR 23-1.4 [b] [13]). The installation of microduct, which extended into apartments through holes in the walls of the dumbwaiter shaft, satisfied the definition of alteration of a building or structure (*see Joblon v Solow*, 91 NY2d 457, 465 [1998]; *Schick v 200 Blydenburgh, LLC*, 88 AD3d 684, 686 [2011]; *Becker v ADN Design Corp.*, 51 AD3d 834, 837 [2008]). However, as the Supreme Court properly concluded, 12 NYCRR 23-2.5 (a) (1) was inapplicable because compliance with that provision was not feasible in light of the work performed (*see Boyle v 42nd St. Dev. Project, Inc.*, 38 AD3d 404, 408 [2007]; *Hammond v International Paper Co.*, 161 AD2d

914, 915 [1990]; *Ortiz v Uhl*, 39 AD2d 143, 148 [1972], *affd* 33 NY2d 989 [1974]).

Contrary to the moving defendants' contentions, triable issues of fact also existed as to liability pursuant to Labor Law § 241 (6) with respect to an alleged violation of 12 NYCRR 23-1.8 (c), which requires proof that the job was a " 'hard hat' job" (*Spiegler v Gerken Bldg. Corp.*, 57 AD3d 514, 517 [2008]), and that the plaintiff's failure to wear a hard hat was a proximate cause of his injury (*see Modeste v Mega Contr., Inc.*, 40 AD3d 255, 255-256 [2007]; *Prince v Merit Oil of N.Y.*, 238 AD2d 561, 562 [1997]). Original's work supervisor testified at his deposition that the employees did not have hard hats for this job, because "we did not need them." In contrast, Mastec's project manager testified at his deposition that the plaintiff should have been wearing a hard hat, and, in his opinion, if the plaintiff had been wearing a hard hat, the hard hat would have taken most of the blow, and the plaintiff's alleged injuries would not have been as severe. In view of the conflicting evidence in the record on these matters, no party was entitled to summary judgment on this issue.

The Supreme Court properly awarded the moving defendants summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1), which imposes liability upon an owner and general contractor for failing to provide "proper protection" against gravity-related hazards (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500 [1993]). The moving defendants established, prima facie, that the plaintiff was not obligated to work at an elevation to perform the work, and the plaintiff failed to raise a triable issue of fact on that issue (*see Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]; *Broggy v Rockefeller Group, Inc.*, 8 NY3d 675, 681 [2007]). Therefore, the moving defendants could not be liable for failing to provide protective devices to avert injury from a fall.

With respect to a worker's injury from a falling object, liability is not limited to objects falling while in the process of being hoisted or secured, nor is it necessary that the object fall from a level higher than the level at which the work is being performed (*see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d 1, 9 [2011]; *Quattrocchi v F.J. Sciame Constr. Corp.*, 11 NY3d 757, 758-759 [2008]). An object needs to be secured if the nature of the work performed at the time of the accident posed a significant risk that the object would fall (*see Pritchard v Tully Constr. Co., Inc.*, 82 AD3d 730, 731 [2011]; *Lucas v Fulton Realty Partners, LLC*, 60 AD3d 1004, 1006 [2009]; *Marin v AP-Amsterdam 1661 Park LLC*, 60 AD3d 824, 825 [2009]). However,

here, it was not the nature of the work that caused an object to fall on the plaintiff. Rather, it was allegedly the defective condition of the ropes in the shaft. Where a falling object is not a foreseeable risk inherent in the work, no protective device pursuant to Labor Law § 240 (1) is required (*see Buckley v Columbia Grammar & Preparatory*, 44 AD3d 263, 267 [2007]).

The parties' remaining contentions are without merit, or need not be addressed in light of our determination. Rivera, J.P., Chambers, Roman and Miller, JJ., concur. 