Rodriguez v Waterfront Plaza, LLC (2022 NY Slip Op 04316)

Rodriguez v Waterfront Plaza, LLC

2022 NY Slip Op 04316

Decided on July 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2019-09662
 (Index No. 513780/16)

[*1]Deivy Leon Rodriguez, respondent,
v
Waterfront Plaza, LLC, appellant-respondent, ZNKO Construction, Inc., respondent-appellant (and third-party actions).

Clark & Fox, New York, NY (Megan K. Foster and Dennis Monaco of counsel), for appellant-respondent.
Fullerton Beck LLP, White Plains, NY (Edward J. Guardaro, Jr., of counsel), for respondent-appellant.
Wingate, Russotti, Shapiro & Halperin, LLP, New York, NY (David M. Schwarz of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Waterfront Plaza, LLC, appeals, and the defendant ZNKO Construction, Inc., cross-appeals, from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated June 24, 2019. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant Waterfront Plaza, LLC, and denied that branch of that defendant's motion which was for summary judgment on its cross claim against the defendant ZNKO Construction, Inc., for contractual indemnification.
ORDERED that the cross appeal is dismissed as abandoned; and it is further,
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff and the defendant ZNKO Construction, Inc.
The plaintiff was employed as a laborer by nonparty Jara Services, LLC, which was hired in connection with a construction project on real property owned by the defendant Waterfront Plaza, LLC (hereinafter Waterfront). The defendant ZNKO Construction, Inc. (hereinafter ZNKO), served as the general contractor on the project.
According to the plaintiff, during the course of the project, he was assigned to transport 20-foot-long metal beams from the ground level to the third floor of the partially constructed building. To accomplish this, the plaintiff stood the beam up vertically while his partner secured the other end of the beam with his foot. A rope was then tied around the beam, and the beam [*2]was pulled onto the third floor. The only device supplied for the task was this rope. The plaintiff testified at his deposition that as he was getting ready to raise one of the beams, his partner asked him to move backwards, and he fell into an unprotected, 15-foot-deep opening in the concrete, which led to the basement. The plaintiff was able to hold onto the sides of the opening so that he did not fall to the ground below, but he let go of the beam, which hit him in the head.
The plaintiff commenced this personal injury action against Waterfront and ZNKO, alleging, inter alia, a violation of Labor Law § 240(1). Waterfront asserted a cross claim for contractual indemnification against ZNKO. After the completion of discovery, Waterfront moved, inter alia, for summary judgment on its cross claim for contractual indemnification against ZNKO, and the plaintiff moved, inter alia, for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against Waterfront. The Supreme Court denied that branch of Waterfront's motion and granted that branch of the plaintiff's motion. Waterfront appeals.
"Labor Law § 240(1) requires owners and contractors to provide workers with appropriate safety devices to protect against 'such specific gravity-related accidents as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured'" (Novak v Del Savio, 64 AD3d 636, 637-638, quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501).
Here, contrary to Waterfront's contention, the plaintiff demonstrated, prima facie, that his accident was proximately caused by the failure to provide appropriate safety devices to protect against gravity-related hazards posed by the opening in the floor (see Norero v 99-105 Third Ave. Realty, LLC, 96 AD3d 727, 728; Valensisi v Greens at Half Hollow, LLC, 33 AD3d 693, 695) and the unsecured metal beam (see Escobar v Safi, 150 AD3d 1081, 1083; Pritchard v Tully Constr. Co., Inc., 82 AD3d 730, 730; Mora v Boston Props., Inc., 79 AD3d 1109). Contrary to Waterfront's further contention, the plaintiff consistently described the manner in which the accident occurred during his deposition and in his affidavit submitted in support of his motion for summary judgment. In opposition to the plaintiff's prima facie showing, Waterfront failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against Waterfront.
Additionally, Waterfront failed to eliminate triable issues of fact as to whether it was free from negligence with respect to the plaintiff's accident, as was required to obtain summary judgment on its cross claim for contractual indemnification against ZNKO (see Jin Gak Kim v Kirchoff-Consigli Constr. Mgt., LLC, 197 AD3d 1289, 1291; Crutch v 421 Kent Dev., LLC, 192 AD3d 977, 982). Indeed, according to the plaintiff's deposition testimony, which Waterfront submitted in support of its motion, the plaintiff's work was being supervised by Waterfront on the day of the accident. Further, as ZNKO is not an insurer, its duty to defend is no broader than its duty to indemnify (see Brooklyn View v PRP, LLC, 159 AD3d 865, 866; Bellefleur v Newark Beth Israel Med. Ctr., 66 AD3d 807, 809). Thus, since Waterfront is not entitled to indemnification at this juncture, it also is not entitled to a defense (see Bellefleur v Newark Beth Israel Med. Ctr., 66 AD3d at 809). Accordingly, the Supreme Court properly denied that branch of Waterfront's motion which was for summary judgment on its cross claim for contractual indemnification against ZNKO.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., IANNACCI, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court