■ RELIANCE NATIONAL INSURANCE COMPANY (UK) LIMITED, Respondent, v SAPIENS INTERNATIONAL CORPORATION, N.V., et al., Appellants, et al., Defendant. [665 NYS2d 253] —Order and judgment (one paper), Supreme Court, New York County (Lewis Friedman, J.), entered September 25, 1996, which granted plaintiff's motion for summary judgment, denied as moot defendant's cross motion for discovery-related relief, dismissed defendant's counterclaim and declared that defendant's insurance claim was excluded from coverage, unanimously affirmed, with costs.

The only relevant pleading in the underlying litigation is the second amended complaint, which supersedes all earlier pleadings (*see, Halmar Distribs. v Approved Mfg. Corp.*, 49 AD2d 841). We agree with the motion court that, given the plain meaning of the language of the insurance policy (*see, Kansas City Fire & Mar. Ins. Co. v Hartford Ins. Group*, 57 NY2d 920), the exclusion applies and that the underlying claims are not covered. *Home Ins. Co. v Spectrum Information Technologies* (930 F Supp 825) is distinguishable and to the extent it could be read to require a different result, we would decline to follow it. The law of the Netherlands Antilles, applicable by reason of a choice-of-law provision, does not differ from the law of this forum (*see, Gangel v N. DeGroot, PVBA*, 41 NY2d 840, 842), and no expert opinion is required to discern the meaning of the foreign statute (*see, Reavis v Exxon Corp.*, 90 Misc 2d 980, 990). We do not reach appellants' arguments made for the first time on appeal on the basis of specific pleadings in the prior Federal complaints, since they could have been addressed factually by respondent before the motion court (*see, City of New York v Stack*, 178 AD2d 355, *lv denied* 80 NY2d 753). We have considered appellants' remaining arguments and find them to be without merit. Concur—Murphy, P. J., Rosenberger, Ellerin, Rubin and Tom, JJ.