■ WILLIAM L. KOLLBECK et al., Respondents, v 417 FS REALTY LLC et al., Appellants. (And a Third-Party Action.) [772 NYS2d 688]—

Order, Supreme Court, New York County (Marylin Diamond, J.), entered on or about June 19, 2003, which, to the extent appealed from as limited by the briefs, denied defendants' motions for summary judgment dismissing plaintiffs' claim under Labor Law § 240 (1), unanimously affirmed, without costs.

Plaintiff employee and his coworkers were instructed to move a mechanical "chain block" hoist that was suspended from a steel I-beam directly over a 12-story stairwell. No safety device was provided for the removal of the object which, with the chain attached, was concededly too heavy for one worker to lift. Plaintiff draped the chain over a railing at the top of the stairwell and gradually lowered the object. When the chain began to slip through his hands, he tightened his grip and was able to stop the fall, but he injured his back.

A finder of fact could determine that the chain hoist was an object that fell as a result of the absence of a safety device specified in the statute. For the statute to apply, a worker need not be injured by a falling object actually striking him. It is enough that the injury was "a foreseeable consequence of defendants' failure to provide and place a proper protective device where one was called for" (*Sasso v NYMED, Inc.*, 238 AD2d 799, 800 [1997]). Plaintiff's injury while trying to prevent the object from falling was an activity arguably entitled to protection under the statute (*Skow v Jones, Lang & Wooton Corp.*, 240 AD2d 194 [1997], *lv denied* 94 NY2d 758 [1999]).

The motion court addressed plaintiffs' failure to suggest what protective device could have been used, or what measures might otherwise have been taken to avoid or prevent the accident. However, the point does not appear to have been raised in a manner affording plaintiffs an opportunity to counter it factually. Accordingly, we decline to reach the question whether plaintiffs' opposition to summary judgment was insufficient due

to this failure (*see Reliance Natl. Ins. Co. [UK] v Sapiens Intl. Corp.*, 243 AD2d 406 [1997]). Concur—Nardelli, J.P., Mazzarelli, Saxe and Lerner, JJ.