■ TELESFORO CARRION et al., Respondents, v CITY OF NEW YORK et al., Appellants. [976 NYS2d 126]—

In a consolidated action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (McDonald, J.), entered December 12, 2011, as granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendants City of New York, New York City School Construction Authority, and URS Corporation-New York.

Ordered that the appeal by the defendant Board of Education is dismissed, as that defendant is not aggrieved by the portion of the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendants City of New York, New York City School Construction Authority, and URS Corporation-New York; and it is further,

Ordered that the plaintiffs are awarded one bill of costs, payable by the defendants City of New York, New York City School Construction Authority, and URS Corporation-New York.

The plaintiff Telesforo Carrion (hereinafter the injured plaintiff) allegedly was standing on an extension ladder that had been placed atop a scaffold when the scaffold unexpectedly tipped away from a wall, causing him to fall to the ground and sustain injuries. At the time, the injured plaintiff was installing an electrical system on property owned and managed by the defendants City of New York and the New York City School Construction Authority. The injured plaintiff was employed by nonparty Indy Electric Corporation, which had been hired by the defendant URS Corporation-New York. The injured plaintiff, and his wife suing derivatively, commenced this action against those defendants and the defendant Board of Education.

Following the completion of discovery, the plaintiffs moved, inter alia, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). The defendants opposed the motion, arguing in part that significant issues existed as to the injured plaintiff's credibility, thus warranting denial of the motion. The Supreme Court granted the aforementioned branch of the plaintiffs' motion insofar as as-

serted against the defendants City of New York, New York City School Construction Authority, and URS Corporation-New York (hereinafter collectively the construction defendants), and, for reasons not relevant here, denied it as to the Board of Education.

"In order to prevail on a Labor Law § 240 (1) cause of action, a plaintiff must establish that the statute was violated and that the violation was a proximate cause of his or her injuries" (*Rudnik v Brogor Realty Corp.*, 45 AD3 828, 829 [2007]; *see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280 [2003]). A fall from a scaffold or ladder " 'does not establish, in and of itself, that proper protection was not provided, and the issue of whether a particular safety device provided proper protection is generally a question of fact for the jury' " (*Esteves-Rivas v W2001Z/15CPW Realty, LLC*, 104 AD3d 802, 803 [2013], quoting *Alava v City of New York*, 246 AD2d 614, 615 [1998], and *Martinez v Ashley Apts Co., LLC*, 80 AD3d 734, 735 [2011]). "Although a motion for summary judgment 'should not be granted where the facts are in dispute' " (*Leconte v 80 E. End Owners Corp.*, 80 AD3d 669, 671 [2011], quoting *Ampolini v Long Is. Light. Co.*, 186 AD2d 772, 773 [1992]), the dispute "must relate to *material* issues" (*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 312 [2004]).

Here, the plaintiffs made a prima facie showing of entitlement to judgment as a matter of law on the issue of liability on so much of the complaint as alleged that the construction defendants violated Labor Law § 240 (1) through the submission of the injured plaintiff's affidavit and deposition testimony, which demonstrated that the scaffold failed to afford him proper protection for the work being performed, and that this failure was a proximate cause of his injuries (*see Inga v EBS N. Hills, LLC*, 69 AD3d 568, 569 [2010]; *see also Silva v FC Beekman Assoc., LLC*, 92 AD3d 754, 755 [2012]; *Guaman v New Sprout Presbyt. Church of N.Y.*, 33 AD3d 758 [2006]; *Mingo v Lebedowicz*, 57 AD3d 491, 493 [2008]; *Pineda v Kechek Realty Corp.*, 285 AD2d 496 [2001]).

In opposition, the construction defendants failed to raise a triable issue of fact. They did not offer any evidence, "other than mere speculation, to refute the plaintiff[s'] showing or to raise a bona fide issue as to how the accident occurred" (*Campbell v 111 Chelsea Commerce, L.P.*, 80 AD3d 721, 722 [2011] [internal quotation marks omitted]; *see Ernest v Pleasantville Union Free School Dist.*, 28 AD3d 419 [2006]; *Pineda v Kechek Realty Corp.*, 285 AD2d at 497). Contrary to the construction defendants' contention, the injured plaintiff's testimony at his

examination pursuant to General Municipal Law § 50-h and his deposition testimony were consistent on the material facts as to how the accident occurred. Further, the testimony of the injured plaintiff's coworkers, who did not witness the accident, did not raise a triable issue of fact as to any material issue (*see Melchor v Singh*, 90 AD3d 866, 869 [2011]; *Inga v EBS N. Hills, LLC*, 69 AD3d at 569; *Lacey v Turner Constr. Co.*, 275 AD2d 734, 735 [2000]).

The construction defendants' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the construction defendants. Angiolillo, J.P., Dickerson, Austin and Hinds-Radix, JJ., concur.