■ FLORENTIN ROMERO, Respondent, v 2200 NORTHERN STEEL, LLC, Appellant. (And a Third-Party Action.) [50 NYS3d 158]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Elliot, J.), dated September 29, 2014, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) is denied.

The plaintiff commenced this action to recover damages for violations of Labor Law §§ 200, 240 (1), and 241 (6), and for common-law negligence, for personal injuries he allegedly sustained when he fell from the top of a scissor lift at premises owned by the defendant, 2200 Northern Steel, LLC (hereinafter Northern Steel), while performing demolition work for his employer. The plaintiff testified at his deposition that, while he and a coworker were removing sections of a "beam" from the ceiling, a section of the beam fell toward him, causing him to step out of the way and fall from the scissor lift upon which he

had been standing. The plaintiff moved, inter alia, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). He alleged that the beam was an object that required securing under Labor Law § 240 (1), and that the failure to properly secure it caused his accident. The Supreme Court agreed and granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law 240 (1) cause of action on that ground. Northern Steel appeals.

To prevail on a motion for summary judgment in a Labor Law § 240 (1) "falling object" case, the plaintiff must demonstrate that at the time the object fell, it either was being hoisted or secured, or required securing for the purposes of the undertaking (*see Fabrizi v 1095 Ave. of the Ams., L.L.C.*, 22 NY3d 658, 662-663 [2014]; *Outar v City of New York*, 5 NY3d 731, 732 [2005]). Labor Law § 240 (1) "does not automatically apply simply because an object fell and injured a worker; '[a] plaintiff must show that the object fell . . . *because of* the absence or inadequacy of a *safety device* of the kind enumerated in the statute' " (*Fabrizi v 1095 Ave. of the Ams., L.L.C.*, 22 NY3d at 663, quoting *Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]).

Here, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law. The evidence submitted by the plaintiff was insufficient to establish that the beam in question fell due to the absence or inadequacy of an enumerated safety device. Specifically, there was a question of fact as to the nature of the "beam" at issue. The plaintiff alternately described it as a flat or narrow "metal slab supposedly made of Steel but it was mostly [copper]," or an iron or steel "beam." The plaintiff's supervisor described it as "like old duct work, metal studs," and a representative of Northern Steel described it as a "duct" or "ductwork." Although the plaintiff submitted the affidavit of an expert who opined that a contractor's lift should have been provided to hold "the beam" as it was being cut, the expert, whose opinion was rendered after reviewing the relevant deposition transcripts, failed to identify a basis for concluding that the object at issue was a "beam" or otherwise explain why a contractor's lift was required to hold the object at issue, and thereby establish that this was "a situation where a hoisting or securing device of the kind enumerated in the statute would have been necessary or even expected" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d at 268; *see Roberts v General Elec. Co.*, 97 NY2d 737, 738 [2002]).

Since the plaintiff failed to meet his prima facie burden, it is

unnecessary to consider the adequacy of Northern Steel's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

In light of the foregoing, Northern Steel's remaining contentions need not be considered.

Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). Mastro, J.P., Leventhal, Barros and Brathwaite Nelson, JJ., concur.