■ Jose Andres Escobar, Respondent, v Bebe Halima Safi, Appellant. [55 NYS3d 350]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Baily-Schiffman, J.), dated May 19, 2016, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of li-

ability on the cause of action alleging a violation of Labor Law § 240 (1).

Ordered that the order is affirmed insofar as appealed from, with costs.

During the replacement of the roof on the defendant's three-family home, the plaintiff was injured when a sheet of plywood fell and struck him as he was standing on the ground. The plaintiff had been cutting the sheets of plywood in the driveway before handing them off to a coworker to tie the sheets to ropes to be hoisted up to the workers installing the sheets on the roof, located 20 feet above.

The plaintiff commenced this action against the defendant alleging, inter alia, a violation of Labor Law § 240 (1). Thereafter, the plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) and to amend the complaint to correct the date of the accident. The defendant cross-moved for summary judgment dismissing the complaint. The Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. The defendant appeals from so much of the order as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1).

Labor Law § 240 (1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites (*see McCarthy v Turner Constr., Inc.*, 17 NY3d 369, 374 [2011]; *Esteves-Rivas v W2001Z/15CPW Realty, LLC*, 104 AD3d 802, 803 [2013]; *Martinez v Ashley Apts Co., LLC*, 80 AD3d 734, 735 [2011]). The "extraordinary protections" (*Nicometi v Vineyards of Fredonia, LLC*, 25 NY3d 90, 96 [2015] [internal quotation marks omitted]) of Labor Law § 240 (1) only relate to " 'special hazards' presenting 'elevation-related risk[s]' " (*id.* at 97, quoting *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514 [1991]).

"To prevail on a Labor Law § 240 (1) cause of action, a plaintiff must establish that the statute was violated and that the violation was a proximate cause of his or her injuries" (*Allan v DHL Express [USA], Inc.*, 99 AD3d 828, 833 [2012]; *see Berg v Albany Ladder Co., Inc.*, 10 NY3d 902, 904 [2008]; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287 [2003]). Liability under Labor Law § 240 (1) depends on whether the injured worker's "task creates an elevation-related risk of the kind that the safety devices listed in section 240 (1) protect against" (*Broggy v Rockefeller Group, Inc.*, 8 NY3d 675,

681 [2007]). The single decisive question in determining whether Labor Law § 240 (1) is applicable is whether the plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential (*see Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603 [2009]). "[F]alling object" liability under Labor Law § 240 (1) is not limited to cases in which the falling object is in the process of being hoisted or secured (*Sarata v Metropolitan Transp. Auth.*, 134 AD3d 1089, 1091 [2015] [internal quotation marks omitted]; *see Quattrocchi v F.J. Sciame Constr. Corp.*, 11 NY3d 757, 758-759 [2008]; *Sung Kyu-To v Triangle Equities, LLC*, 84 AD3d 1058, 1059-1060 [2011]) but also where the plaintiff demonstrates that, at the time the object fell, it "required securing for the purposes of the undertaking" (*Fabrizi v 1095 Ave. of the Ams., L.L.C.*, 22 NY3d 658, 663 [2014] [internal quotation marks omitted]).

Here, the plaintiff established his prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that the defendant failed to provide an adequate safety device to protect him and that this failure was a proximate cause of his injuries. This is so whether the sheet of plywood fell as it was being hoisted because it was not properly secured while it was being pulled up to the roof, as testified to by the plaintiff (*see Coque v Wildflower Estates Devs., Inc.*, 31 AD3d 484, 487-488 [2006]; *Orner v Port Auth. of N.Y. & N.J.*, 293 AD2d 517, 517-518 [2002]), or whether the sheet of plywood fell from the hands of the plaintiff's coworkers on the roof as it was being installed or about to be installed due to a failure to secure it, a theory advanced by the defendant (*see Outar v City of New York*, 5 NY3d 731, 732 [2005]; *Pritchard v Tully Constr. Co., Inc.*, 82 AD3d 730, 730 [2011]), since either scenario implicates the protections of Labor Law § 240 (1) (*see La Veglia v St. Francis Hosp.*, 78 AD3d 1123, 1127 [2010]).

In opposition, the defendant failed to raise a triable issue of fact as to the absence of a statutory violation or as to whether the plaintiff's own conduct was the sole proximate cause of his accident (*see McCallister v 200 Park, L.P.*, 92 AD3d 927, 929 [2012]; *La Veglia v St. Francis Hosp.*, 78 AD3d at 1127). The defendant did not offer any evidence, other than mere speculation, in opposition to the plaintiff's showing that he was entitled to judgment as a matter of law, which was insufficient to refute that showing or to raise a bona fide issue as to how the accident occurred (*see Carrion v City of New York*, 111 AD3d 872, 873 [2013]; *Ernest v Pleasantville Union Free School Dist.*, 28 AD3d 419, 420 [2006]).

Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action. Rivera, J.P., Austin, Miller and Barros, JJ., concur.