■ FRANKLIN GONZALEZ, Respondent, v CITY OF NEW YORK et al., Defendants, and H.E.L.P.-BRONX, L.P., et al., Appellants. [53 NYS3d 535]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered December 28, 2016, which, to the extent appealed from, denied defendants-appellants' motion for summary judgment dismissing the Labor Law § 240 (1) claim as against them, and granted plaintiff's motion for summary judgment on the Labor Law § 240 (1) claim, unanimously affirmed, without costs.

Whether or not the scaffold provided workers at the site with adequate protection for working at an elevation, the unsecured plank falling from the scaffold and striking plaintiff as the scaffold was being moved constituted a distinct elevation-

related hazard requiring the securing of the plank for the purpose of moving the scaffold (*see Castillo v 62-25 30th Ave. Realty, LLC*, 47 AD3d 865 [2d Dept 2008], citing *Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267-268 [2001]; *cf. Nicometi v Vineyards of Fredonia, LLC*, 25 NY3d 90 [2015] [slipping on ice and falling while using stilts not within ambit of Labor Law § 240 (1)]). Plaintiff's employer's assertion that all his workers, including plaintiff, knew that a scaffold must be dismantled before being moved was unsupported by any evidence that plaintiff had ever been so instructed, and was therefore insufficient to raise a triable issue of fact whether he was the sole proximate cause of the accident (*Gallagher v New York Post*, 14 NY3d 83 [2010]). Concur—Tom, J.P., Sweeny, Andrias, Moskowitz and Manzanet-Daniels, JJ.