Gericitano v Brookfield Props. OLP Co. LLC (2018 NY Slip Op 00480)





Gericitano v Brookfield Props. OLP Co. LLC


2018 NY Slip Op 00480


Decided on January 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 25, 2018

Manzanet-Daniels, J.P., Gische, Tom, Gesmer, Singh, JJ.


5523 156327/13

[*1]Frank Gericitano, Plaintiff-Respondent, 
v
Brookfield Properties OLP Co. LLC sued herein as Brookfield Office Properties, et al., Defendants-Appellants.


Camacho Mauro Mulholland, LLP, New York (Wendy Jennings of counsel), for appellants.
Jonathan D'Agostino & Associates, P.C., Staten Island (Edward J. Pavia, Jr. of counsel), for respondent.



Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered October 21, 2016, which granted plaintiff's motion for summary judgment as to liability on his Labor Law § 240(1) claim, unanimously affirmed, without costs.
Plaintiff established prima facie his entitlement to the protections of Labor Law § 240(1) by submitting evidence that he was injured when a corner of an electrical transformer weighing hundreds of pounds and suspended from a ceiling shifted downward and struck him on the head as he was standing on a ladder working on it and that he had not been provided with any safety devices adequate to his task (see e.g. Rzymski v Metropolitan Tower Life Ins. Co., 94 AD3d 629 [1st Dept 2012]; Luongo v City of New York, 72 AD3d 609 [1st Dept 2010]; Kollbeck v 417 FS Realty, 4 AD3d 314 [1st Dept 2004]).
In opposition, defendants failed to raise an issue of fact as to their contention that plaintiff was the sole proximate cause of the accident. Plaintiff's coworker testified that there were no readily available safety devices to assist him and plaintiff in their task (see Gallagher v New York Post, 14 NY3d 83, 88 [2010]; Gonzalez v City of New York, 151 AD3d 492, 493 [1st Dept 2017]). While plaintiff's foreman testified that he had given specific instructions to his workers about using wooden delivery pallets to prop up the transformer at the corner being worked on, he conceded that he did not know whether plaintiff was standing near enough to him to have heard these instructions (see Anderson v MSG Holdings, L.P., 146 AD3d 401, 404 [1st Dept 2017], lv dismissed 29 NY3d 1100 [2017]). In any event, defendants
submitted no evidence that this improvised method was a suitable safety device (see Cordeiro v TS Midtown Holdings, LLC, 87 AD3d 904, 905 [2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 25, 2018
CLERK