Carlton v City of New York (2018 NY Slip Op 03500)





Carlton v City of New York


2018 NY Slip Op 03500


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2016-05012
 (Index No. 3111/13)

[*1]James Carlton, et al., respondents, 
v
City of New York, et al., appellants.


Wood Smith Henning & Berman LLP (Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY [Timothy R. Capowski, Robert M. Ortiz, Sofya Uvaydov, and John Watkins], of counsel), for appellants.
O'Dwyer & Bernstien, LLP, New York, NY (Steven Aripotch of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered April 13, 2016. The order, insofar as appealed from, denied those branches of the defendants' motion which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) and the cause of action alleging a violation of Labor Law § 241(6) insofar as it was predicated upon an alleged violation of 12 NYCRR 23-1.8(c)(1), and granted the plaintiffs' cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the plaintiffs' cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellants.
The plaintiff James Carlton (hereinafter the injured plaintiff), a steamfitter employed by nonparty JDP Mechanical, Inc. (hereinafter JDP), allegedly was injured while working in a building owned by the defendant City of New York. The accident allegedly occurred when the injured plaintiff and a coworker were installing a weld neck flange, which is a fitting to connect a valve or piece of pipe to an existing piece of pipe. The injured plaintiff and his coworker used an ascending and descending platform called a scissor lift to raise the flange, which weighed approximately 80 pounds, to the height of the pipe, which was approximately 16 feet above the floor. The injured plaintiff then began the process of temporarily securing the flange to the pipe by making the first two of four small welds called tack welds. The injured plaintiff and his coworker waited a few minutes for the two tack welds to "cool down[ ]" and "harden[ ]," and then lowered the scissor lift a few inches to inspect the flange to determine whether it was level. After determining that they needed a grinder to level the flange, they lowered the scissor lift to the floor. While the injured plaintiff waited on the scissor lift for his coworker to retrieve the grinder, the tack welds broke, causing the flange to fall and strike the injured plaintiff on his head and back.
The injured plaintiff, and his wife suing derivatively, commenced this action against [*2]the City and the defendant Turner Construction Company/STV Incorporated, a Joint Venture (hereinafter Turner/STV), the manager of the construction project, alleging violations of Labor Law §§ 200, 240(1), and 241(6), and common-law negligence. The defendants moved for summary judgment dismissing the complaint, and the plaintiffs cross-moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). By order entered April 13, 2016, the Supreme Court, inter alia, granted the plaintiffs' cross motion, and denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 240(1) and a violation of Labor Law § 241(6) insofar as it was predicated upon an alleged violation of 12 NYCRR 23-1.8(c)(1). The defendants appeal.
"Labor Law § 240(1) imposes a nondelegable duty . . . to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (Vasquez-Roldan v Two Little Red Hens, Ltd., 129 AD3d 828, 829; see McCarthy v Turner Constr., Inc., 17 NY3d 369, 374). Labor Law § 240(1) provides that "[a]ll contractors and owners and their agents . . . in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed." "[T]he protections of Labor Law § 240(1) do not encompass any and all perils that may be connected in some tangential way with the effects of gravity'" (Nicometi v Vineyards of Fredonia, LLC, 25 NY3d 90, 97, quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501). Liability under Labor Law § 240(1) depends on whether the injured worker's "task creates an elevation-related risk of the kind that the safety devices listed in section 240(1) protect against" (Broggy v Rockefeller Group, Inc., 8 NY3d 675, 681; see Eddy v John Hummel Custom Bldrs., Inc., 147 AD3d 16, 20). "The single decisive question in determining whether Labor Law § 240(1) is applicable is whether the plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (Escobar v Safi, 150 AD3d 1081, 1083; see Runner v New York Stock Exch., Inc., 13 NY3d 599, 603).
"[F]alling object liability under Labor Law § 240(1) is not limited to cases in which the falling object is in the process of being hoisted or secured but also where the plaintiff demonstrates that, at the time the object fell, it required securing for the purposes of the undertaking" (Escobar v Safi, 150 AD3d at 1083 [citations and internal quotation marks omitted]; see Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d 658, 663; Berman-Rey v Gomez, 153 AD3d 653, 655). Importantly, Labor Law § 240(1) "does not automatically apply simply because an object fell and injured a worker; a plaintiff must show that the object fell . . . because of the absence or inadequacy of a safety device of the kind enumerated in the statute'" (Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d at 663, quoting Narducci v Manhasset Bay Assoc., 96 NY2d 259, 268). "While a plaintiff is not required to present evidence as to which particular safety devices would have prevented the injury, the risk requiring a safety device must be a foreseeable risk inherent in the work" (Niewojt v Nikko Constr. Corp., 139 AD3d 1024, 1027 [citation omitted]; see McLean v 405 Webster Ave. Assocs., 98 AD3d 1090).
Here, neither the plaintiffs nor the defendants established their prima facie entitlement to judgment as a matter of law with respect to the Labor Law § 240(1) cause of action. The parties' submissions raised triable issues of fact as to whether the defendants were obligated to provide appropriate safety devices of the kind enumerated in Labor Law § 240(1) to secure the flange and whether the flange fell due to the absence or inadequacy of an enumerated safety device (see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 11; Romero v 2200 N. Steel, LLC, 148 AD3d 1066, 1067; see also Narducci v Manhasset Bay Assoc., 96 NY2d at 268; cf. Escobar v Safi, 150 AD3d at 1083; Sarata v Metropolitan Transp. Auth., 134 AD3d 1089, 1091-1092; Matthews v 400 Fifth Realty LLC, 111 AD3d 405, 405-406; Pritchard v Tully Constr. Co., Inc., 82 AD3d 730, 730-731). Daniel Kressler, a safety manager for Turner/STV, testified at his deposition that "[d]epending on . . . what the operation is," "[s]lings, chokers [can be] used to . . . hold [a flange] in place" until it is permanently welded to the pipe. While it is true that no safety device such as a sling was provided, the injured plaintiff testified at his deposition that two tack welds should have been sufficient to secure the flange. Significantly, the plaintiffs' expert, George A. Anderson, also opined [*3]that "the two tack welds should have been sufficient to hold the flange until the job was completed, unless the tack welds were defective." Under these circumstances, a triable issue of fact exists as to whether "[t]his was . . . a situation where a hoisting or securing device of the kind enumerated in [Labor Law § 240(1)] would have been necessary or even expected" (Roberts v General Elec. Co., 97 NY2d 737, 738 [internal quotation marks omitted]; see Romero v 2200 N. Steel, LLC, 148 AD3d 1066, 1067). Contrary to the defendants' contention, the tack welds do not constitute a safety device within the meaning of Labor Law § 240(1) (see Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d at 663; Honeyman v Curiosity Works, Inc., 154 AD3d 820, 821; Guallpa v Leon D. DeMatteis Constr. Corp., 121 AD3d 416; but see Keerdoja v Legacy Yards Tenant, LLC, 2017 NY Slip Op 32272[U], *4 [Sup Ct, NY County]).
In addition, the defendants failed to establish, prima facie, that Labor Law § 240(1) was inapplicable on the ground that the flange was a part of the permanent structure of the building and was not a falling object within the meaning of Labor Law § 240(1). The record demonstrates that the flange was only temporarily secured to the pipe by two tack welds when the injured plaintiff and his coworker determined that a grinder was needed to level the flange (cf. Flossos v Waterside Redevelopment Co., L.P., 108 AD3d 647; Marin v AP-Amsterdam 1661 Park LLC, 60 AD3d 824). The defendants also failed to establish, prima facie, that the injured plaintiff's actions constituted the sole proximate cause of the accident (see Wahab v Agris & Brenner, LLC, 102 AD3d 672, 674; Silvas v Bridgeview Invs., LLC, 79 AD3d 727, 731; Kwang Ho Kim v D & W Shin Realty Corp., 47 AD3d 616, 618-619; cf. Scofield v Avante Contr. Corp., 135 AD3d 929, 931).
Accordingly, we disagree with the Supreme Court's determination granting the plaintiffs' cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). However, we agree with the court's denial of that branch of the defendants' motion which was for summary judgment dismissing that cause of action.
"Labor Law § 241(6) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide reasonable and adequate protection and safety for workers, and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor" (Norero v 99-105 Third Ave. Realty, LLC, 96 AD3d 727, 727-728). Pursuant to 12 NYCRR 23-1.8(c)(1), "[e]very person required to work or pass within any area where there is a danger of being struck by falling objects or materials or where the hazard of head bumping exists shall be provided with and shall be required to wear an approved safety hat."
The evidence submitted by the defendants failed to demonstrate the absence of a triable issue of fact as to whether the injured plaintiff was provided with an appropriate safety hat to protect him from the danger of being struck by the falling flange. It is undisputed that he was provided with a hard hat and that he was instructed to wear his hard hat on site. It is also undisputed that his hard hat could not be worn with his welding shield and that, at the time of the accident, he did not replace his welding shield with his hard hat since he had not yet completed the welding work. Under these circumstances, there is a triable issue of fact as to whether providing the injured plaintiff with a safety hat that could not be worn with his welding shield satisfied the defendants' duty to provide the injured plaintiff with "an approved safety hat," and summary judgment dismissing the Labor Law § 241(6) cause of action insofar as it was predicated upon an alleged violation of 12 NYCRR 23-1.8(c)(1) was not warranted (see Neville v Chautauqua Lake Cent. Sch. Dist., 124 AD3d 1385, 1386; Cantineri v Carrere, 60 AD3d 1331, 1333; see also Seales v Trident Structural Corp., 142 AD3d 1153; McLean v 405 Webster Ave. Assoc., 98 AD3d at 1095; Marin v AP-Amsterdam 1661 Park LLC, 60 AD3d at 826).
Accordingly, we agree with the Supreme Court's denial of that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as it was predicated upon an alleged violation of 12 NYCRR 23-1.8(c)(1).
MASTRO, J.P., BALKIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court