Passos v Noble Constr. Group, LLC (2019 NY Slip Op 00893)





Passos v Noble Constr. Group, LLC


2019 NY Slip Op 00893


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-11125
 (Index No. 58167/13)

[*1]Roberto Passos, appellant, 
v
Noble Construction Group, LLC, et al., respondents.


Lawrence P. Biondi (Lisa M. Comeau, Garden City, NY, of counsel), for appellant.
Churbuck Calabria Jones & Materazo, P.C., Hicksville, NY (Nicholas P. Calabria of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated September 20, 2016. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) is granted.
The plaintiff was a construction worker employed by Genuine Construction Services, Inc. (hereinafter Genuine), at a building in Brooklyn owned by the defendant SM Wythe, LLC. On October 1, 2012, Genuine workers were disassembling formwork, a metal grid consisting of vertical posts and horizontal girders that hold plywood sheets in place while concrete is drying, on the first floor ceiling when a four-by-eight-foot plywood sheet fell from the first floor ceiling, hitting the plaintiff and knocking him to the ground. The plaintiff commenced this action to recover damages for personal injuries, alleging, inter alia, a violation of Labor Law § 240(1). Following the completion of discovery, the plaintiff moved for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action. The Supreme Court denied the motion, and the plaintiff appeals.
Labor Law § 240(1) imposes upon owners, general contractors, and their agents a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites (see Escobar v Safi, 150 AD3d 1081, 1082). To prevail on a motion for summary judgment in a Labor Law § 240(1) "falling object" case, the plaintiff must demonstrate that at the time the object fell, it either was being hoisted or secured, or required securing for the purposes of the undertaking (see Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d 658, 662-663; Romero v 2200 N. Steel, LLC, 148 AD3d 1066, 1067). Labor Law § 240(1) does not automatically apply simply because an object fell and injured a worker; a plaintiff must show that the object fell because of the absence or inadequacy of a safety device of the kind enumerated in the statute (see Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d at 663).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law through the submission of his deposition testimony and the affidavit of a coworker who witnessed the accident. These submissions established that the plaintiff was hit by an unsecured [*2]four-by-eight-foot plywood sheet that fell from the first floor ceiling onto the plaintiff as he was walking underneath (see Escobar v Safi, 150 AD3d at 1083; Carrion v City of New York, 111 AD3d 872, 873). In his affidavit, the coworker stated that approximately 20 to 30 minutes before the accident, a Genuine worker had removed the vertical post supporting the plywood sheet and left the plywood sheet unsecured in the ceiling. The coworker further stated that there was no caution tape surrounding the perimeter to prevent other workers from entering the area where the formwork disassembly was occurring.
In opposition, the defendants failed to raise a triable issue of fact as to the absence of a statutory violation. They did not offer any evidence, other than mere speculation, to refute the plaintiff's showing that he was entitled to judgment as a matter of law or to raise a bona fide issue as to how the accident occurred (see Escobar v Safi, 150 AD3d at 1083; Carrion v City of New York, 111 AD3d at 873). Contrary to the defendants' contention, the descriptions of the plaintiff and his coworker as to how the accident occurred were not incredible as a matter of law (see Zapata v Buitriago, 107 AD3d 977, 979; cf. Espinal v Trezechahn 1065 Ave. of the Ams., LLC, 94 AD3d 611, 613). Although one of the defendants' witnesses, who did not witness the accident, testified at his deposition that the plywood sheet "most likely" could not remain in the ceiling unsupported by vertical posts, he did not testify as to the impossibility of that scenario. Additionally, one of the defendants' other witnesses testified at his deposition that the plywood sheet could have remained adhered to the ceiling for a period of time after the removal of the supporting vertical posts.
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action.
The defendants' contentions regarding the Labor Law § 200 cause of action are not properly before us.
DILLON, J.P., MILLER, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court