Houston v State of New York (2019 NY Slip Op 03032)





Houston v State of New York


2019 NY Slip Op 03032


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-02684

[*1]Cornelius Houston, Sr., et al., appellants,
v
State of New York, respondent. (Claim No. 125188)


Finkelstein & Partners, LLP, Newburgh, NY (Lawrence D. Lissauer of counsel), for appellants.
Burke, Conway & Dillon, White Plains, NY (Martin Galvin of counsel), for respondent.



DECISION & ORDER
In a claim to recover damages for personal injuries, etc., the claimants appeal from an order of the Court of Claims (Thomas H. Scuccimarra, J.), dated October 27, 2017. The order denied the claimants' motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is affirmed, with costs.
The claimant Cornelius Houston, Sr. (hereinafter the claimant), an ironworker, was injured while working on repairs to a section of I-84 in Brewster as part of a bridge replacement project. The claimant was injured when iron posts that were suspended by a crane operated by a fellow employee fell and struck the claimant on the head. The claimant sustained a traumatic brain injury as a result of the accident. The claimant, and his wife suing derivatively (hereinafter together the claimants), commenced this claim, inter alia, to recover damages for violations of Labor Law § 240(1). In its answer, the defendant asserted as an affirmative defense that the claimant was the sole proximate cause of his injuries.
The claimant testified at his deposition that he secured the subject posts using a 3/8th-inch choker for loading onto the crane. He testified that he banged on the choker and posts to ensure that the choker was tight and secure around the posts. Nevertheless, as the load was lifted by the crane operator, the posts came loose and fell, striking the claimant on the head. The claimant opined that the crane operator must have moved the load quickly or in a manner that caused the posts to become loose. The crane operator, however, testified at his deposition that he lifted the load slowly and vertically and, nevertheless, the posts slipped from the choker and fell. The claimants did not submit expert testimony or affidavits in support of their motion for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action. The Court of Claims denied the motion, and the claimants appeal.
To prevail on a motion for summary judgment in a Labor Law § 240(1) "falling object" case, the claimant must demonstrate that, at the time the object fell, it either was being hoisted or secured, or required securing for the purposes of the undertaking (see Fabrizi v 1095 Ave. [*2]of the Ams., L.L.C., 22 NY3d 658, 662-663; Outar v City of New York, 5 NY3d 731, 732). Labor Law § 240(1) "does not automatically apply simply because an object fell and injured a worker; [a] plaintiff must show that the object fell . . . because of the absence or inadequacy of a safety device of the kind enumerated in the statute'" (Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d at 663, quoting Narducci v Manhasset Bay Assoc., 96 NY2d 259, 268 [emphasis omitted]).
Here, the claimants failed to establish their prima facie entitlement to judgment as a matter of law. The evidence submitted by the claimants was insufficient to establish that the posts fell due to the absence or inadequacy of an enumerated safety device, and the claimants further failed to eliminate all triable issues of fact as to whether the claimant's conduct was the sole proximate cause of the accident (see Romero v 2200 N. Steel, LLC, 148 AD3d 1066, 1067; see also Flowers v Harborcenter Dev., LLC, 155 AD3d 1633).
Since the claimants failed to meet their prima facie burden, it is unnecessary to consider the adequacy of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Accordingly, we agree with the Court of Claims' denial of the claimants' motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
MASTRO, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court