Fromel v W2005/Hines W. Fifty-Third Realty, LLC (2024 NY Slip Op 05828)

Fromel v W2005/Hines W. Fifty-Third Realty, LLC

2024 NY Slip Op 05828

Decided on November 21, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 21, 2024

Before: Webber, J.P., Singh, Gesmer, Pitt-Burke, Michael, JJ. 

Index No. 158914/18 Appeal No. 3090 Case No. 2024-02824 

[*1]James Fromel, Plaintiff-Appellant,
v
W2005/Hines West Fifty-Third Realty, LLC, et al., Defendants-Respondents.
W2005/Hines West Fifty-Third Realty, LLC, et al., Third-Party Plaintiffs,
v
Speiler & Ricca Electrical Co., Inc., Third-Party Defendant.

Alexander J. Wulwick, New York, for appellant.
Malapero Prisco & Klauber LLP, New York (George L. Mahoney of counsel), for respondents.

Order, Supreme Court, New York County (David B. Cohen, J.), entered April 12, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim, unanimously reversed, on the law, without costs, and the motion granted.
The testimony of plaintiff and his coworker, who were electricians working for third-party defendant, Speiler & Ricca Electrical Co., Inc., established that plaintiff sustained injuries to the back of his head and neck when an unsecured 4-inch by 4-inch formwork support beam measuring approximately 10-15 feet fell from an elevated platform, striking him.
Plaintiff established prima facie entitlement to partial summary judgment on the Labor Law § 240(1). Plaintiff's proof showed that the support beam was a load thatrequired securing for the purposes of the undertaking (see Rincon v New York City Hous. Auth., 202 AD3d 421, 422 [1st Dept 2022][granting the plaintiff summary judgment where he was injured after being struck by a wrench that a coworker accidentally dropped from the roof above him because the defendant "fail[ed] to provide an adequate safety device to protect him from falling objects that were required to be secured"]).Further, the elevated platform was not guarded by a safety device such as netting or enclosure that would have prevented the beam from falling on plaintiff (see Diaz v Raveh Realty, LLC, 182 AD3d 515, 515-516 [1st Dept 2020] [the plaintiff entitled to summary judgment after he was struck by a plywood form because "the type of work being performed—dislodging heavy plywood forms from a newly-constructed concrete ceiling—involved a load that required securing and . . . the plaintiff's injury was the foreseeable consequence of the risk of performing the task without any safety device of the kind enumerated in (Labor Law § 240[1]; Escobar v Safi, 150 AD3d 1081, 1083 [2d Dept 2017] [summary judgment granted where the plaintiff established that his injuries were proximately caused by the defendant's "fail[ure] to provide an adequate safety device to protect him" from a falling sheet of plywood that struck him while he was standing on the ground]).
While plaintiff and his coworker did not actually witness where the beam came from, plaintiff "is not required to show the exact circumstances under which the object fell," provided he can demonstrate that the lack of a protective device called for under Labor Law § 240(1) proximately caused his injuries (see Harsanyi v Extell 4110 LLC, 220 AD3d 528, 529 [1st Dept 2023] [worker who was struck on the back of the head and neck with an unknown object established his prima facie case to partial summary judgment on his Labor Law § 240(1) claim where he testified he was working on an outrigging platform of a building under construction and heard workers stripping wood on the floors above him and provided photographs depicting"a large hole in the safety netting that served as overhead [*2]protection"; the defendants, in opposition, failed to provide any version of the accident under which they would not be held liable]). A plaintiff's prima facie case is "not dependent on whether he had observed what had hit him, or whether the object in question was dropped or fell in some other manner " (Malan v FSJ Realty Group II LLC, 213 AD3d 541, 542 [1st Dept 2023] [internal quotation marks omitted] [the plaintiff established prima facie entitlement to partial summary judgment on his Labor Law § 240(1) claim where he offered proof he was hit by an object while climbing down a ladder to the ground floor and the defendants' project manager testified the object should not have been dropped, and the defendants otherwise failed to offer evidence in opposition that would raise a triable issue]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 21, 2024