Claesen v VRD Contr., Inc. (2025 NY Slip Op 04545)

Claesen v VRD Contr., Inc.

2025 NY Slip Op 04545

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
JAMES P. MCCORMACK, JJ.

2024-04232
 (Index No. 613609/18)

[*1]William C. Claesen, appellant, 
v
VRD Contracting, Inc., et al., respondents, et al., defendants.

Hogan & Cassell, LLP, Jericho, NY (Michael Cassell of counsel), for appellant.
Nicole E. Lesperance, Melville, NY (David R. Holland of counsel), for respondents VRD Contracting, Inc., Park East Construction Corp., Shoreham-Wading River Central School District, and Miller Avenue Elementary School.
Barker Patterson Nichols, LLP, Garden City, NY (Douglas Langholz of counsel), for respondent Donninger Construction, Inc.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated March 26, 2024. The order, insofar as appealed from, (1) denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendants VRD Contracting, Inc., Park East Construction Corp., Shoreham-Wading River Central School District, and Miller Avenue Elementary School, (2) granted those branches of the motion of the defendants VRD Contracting, Inc., Park East Construction Corp., Shoreham-Wading River Central School District, and Miller Avenue Elementary School which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against them, and (3) granted that branch of the motion of the defendant Donninger Construction, Inc., which was for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against it.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting those branches of the motion of the defendants VRD Contracting, Inc., Park East Construction Corp., Shoreham-Wading River Central School District, and Miller Avenue Elementary School which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against them, and substituting therefor a provision denying those branches of the motion, and (2) by deleting the provision thereof granting that branch of the motion of the defendant Donninger Construction, Inc., which was for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against it, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the defendants VRD Contracting, Inc., Park East Construction Corp., Shoreham-Wading River Central School District, and Miller Avenue Elementary School and the defendant Donninger Construction, Inc., appearing separately and filing separate briefs.
The plaintiff allegedly was injured when he and his coworkers were moving a scaffold as part of a construction project in the gymnasium of the defendant Miller Avenue Elementary School and an unsecured spackle bucket fell off the scaffold and hit the plaintiff on his back. The defendant Shoreham-Wading River Central School District retained the defendant Park East Construction Corp. as the project's construction manager, and the defendant VRD Contracting, Inc., as the project's general contractor. On the day before the accident, workers employed by the defendant Donninger Construction, Inc. (hereinafter Donninger), were using the scaffold to perform spackling work. It is undisputed that the safety railings and toeboards on the scaffold needed to be removed in order to move the scaffold so that the scaffold could pass under a partition wall on the ceiling in the gymnasium.
The plaintiff commenced this action to recover damages for personal injuries, asserting causes of action alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). The plaintiff moved, inter alia, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against VRD Contracting, Inc., Park East Construction Corp., Shoreham-Wading River Central School District, and Miller Avenue Elementary School (hereinafter collectively the school defendants). The school defendants moved, among other things, for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against them. Donninger moved, inter alia, for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against it.
In an order dated March 26, 2024, the Supreme Court, among other things, (1) denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the school defendants, (2) granted those branches of the motion of the school defendants which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against them, and (3) granted that branch of Donninger's motion which was for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against it. The plaintiff appeals.
"Labor Law § 240(1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (Escobar v Safi, 150 AD3d 1081, 1082). "Whether a plaintiff is entitled to recovery under Labor Law § 240(1) requires a determination of whether the injury sustained is the type of elevation-related hazard to which the statute applies" (Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 7). "[T]he single decisive question is whether [the] plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (Runner v New York Stock Exch., Inc., 13 NY3d 599, 603). "Falling object liability under Labor Law § 240(1) is not limited to cases in which the falling object is in the process of being hoisted or secured but also where the plaintiff demonstrates that, at the time the object fell, it required securing for the purposes of the undertaking" (Escobar v Safi, 150 AD3d at 1083 [alteration, citations, and internal quotation marks omitted]; contra Gambino v Massachusetts Mut. Life Ins. Co., 8 AD3d 337, 338).
"Although comparative fault is not a defense to the strict liability of [Labor Law § 240(1)], where the plaintiff is the sole proximate cause of his or her own injuries, there can be no liability under Labor Law § 240(1)" (Lojano v Soiefer Bros. Realty Corp., 187 AD3d 1160, 1162).
Contrary to the determination of the Supreme Court, the plaintiff established, prima facie, that the bucket that fell on him while he and his coworkers were moving the scaffold required securing for the purposes of the undertaking and that the violation of Labor Law § 240(1) was a proximate cause of the accident (see Gonzalez v City of New York, 151 AD3d 492). In opposition to the plaintiff's prima facie showing, however, the school defendants raised a triable issue of fact as to whether the plaintiff's own actions were the sole proximate cause of the accident by providing evidence that it was the plaintiff's responsibility to check if the scaffold was clear prior to removing the safety devices and moving the scaffold (see Corchado v 5030 Broadway Props., LLC, 103 AD3d 768, 769). As triable issues of fact exist as to liability under Labor Law § 240(1), the court properly [*2]denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the school defendants but erred in granting that branch of the school defendants' motion which was for summary judgment dismissing that cause of action insofar as asserted against them.
The Supreme Court also erred in granting that branch of the school defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against them. "Labor Law § 241(6) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide reasonable and adequate protection and safety for workers, and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor" (Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d 717, 718 [internal quotation marks omitted]; see Argueta v City of New York, 223 AD3d 862, 863). "To prevail on a cause of action alleging a violation of Labor Law § 241(6), a plaintiff must establish the violation of an Industrial Code provision that sets forth specific, applicable safety standards, and that his or her injuries were proximately caused by such Industrial Code violation" (Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d at 718; see Argueta v City of New York, 223 AD3d at 863). Here, the school defendants failed to eliminate triable issues of fact as to whether they violated 12 NYCRR 23-5.1(j), 23-5.3(e), 23-5.18(b), and 23-1.15, whether such violations were a proximate cause of the accident, and whether the plaintiff's actions were the sole proximate cause of his injuries (see Ochoa v JEM Real Estate Co., LLC, 223 AD3d 747, 749).
The Supreme Court also improperly granted that branch of Donninger's motion which was for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against it. A defendant that is not an owner, general contractor, or agent pursuant to the Labor Law with regard to a plaintiff's work may nonetheless be held liable to the plaintiff under a theory of common-law negligence "where the work" the defendant "performed created the condition that caused the plaintiff's injury" (Sledge v S.M.S. Gen. Contrs., Inc., 151 AD3d 782, 783 [internal quotation marks omitted]). "An award of summary judgment in favor of a subcontractor [or prime contractor] dismissing a negligence cause of action is improper where the evidence raises a triable issue of fact as to whether [it] created an unreasonable risk of harm that was the proximate cause of the . . . plaintiff's injuries" (Poracki v St. Mary's R.C. Church, 82 AD3d 1192, 1195 [alteration and internal quotation marks omitted]; see Delaluz v Walsh, 228 AD3d 619, 622; Lacey v Lancaster Dev. & Tully Constr. Co., LLC, 193 AD3d 1398, 1399-1401).
Here, Donninger's submissions in support of its motion failed to eliminate triable issues of fact with regard to the cause of action alleging common-law negligence insofar as asserted against it. Donninger failed to eliminate triable issues of fact as to whether it "created an unreasonable risk of harm that was the proximate cause of the . . . plaintiff's injuries" (Poracki v St. Mary's R.C. Church, 82 AD3d at 1195 [internal quotation marks omitted]; see Delaluz v Walsh, 228 AD3d at 623).
MILLER, J.P., FORD, LOVE and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court