Rivera v Site 2 DSA Owner, LLC (2025 NY Slip Op 06668)

Rivera v Site 2 DSA Owner, LLC

2025 NY Slip Op 06668

Decided on December 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 02, 2025

Before: Renwick, P.J., Scarpulla, Kapnick, Mendez, O'Neill Levy, JJ. 

Index No. 159502/20|Appeal No. 5258|Case No. 2024-03358|

[*1]Danny Rivera, Plaintiff-Appellant,
v
Site 2 DSA Owner, LLC, et al., Defendants-Respondents.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Lori E. Parkman of counsel), for appellant.
Ahmuty, Demers & McManus, Albertson (Nicholas P. Calabria of counsel), for respondents.

Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about May 2, 2024, which, to the extent appealed from, denied plaintiff's motion for partial summary judgment against defendants Site 2 DSA Owner, LLC, Delancey Street Associates, LLC, and T.G. Nickel & Associates, LLC, on his claim against them pursuant to Labor Law § 240(1), and which granted defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny summary judgment to defendants on plaintiff's claim pursuant to Labor Law § 240(1), and the claim reinstated, and to grant summary judgment on the issue of liability to plaintiff on his Labor Law § 240(1) claim as against defendants Site 2 DSA Owner, LLC, Delancey Street Associates, LLC, and T.G. Nickel & Associates, LLC, and otherwise affirmed, without costs.
Plaintiff was injured when the approximately four feet high, five feet long and three feet wide, 400-to-600-pound gang box that he and his co-workers were lifting three to four feet from the ground and loading into a truck began to fall, requiring him to lift his leg up to stop the descent. Under the circumstances presented, he was entitled to summary judgment on his Labor Law § 240(1) claim against Site 2 DSA Owner, LLC, Delancey Street Associates, LLC, and T.G. Nickel & Associates, LLC (see Agli v 21 E. 90 Apts. Corp., 195 AD3d 458, 458-459 [1st Dept 2021]; see also Kollbeck v 417 FS Realty, 4 AD3d 314, 314 [1st Dept 2004]). Although it is claimed in defendants' brief that one of those defendants, Delancey Street Associates, LLC did not own the subject property, this contradicts the pleadings, which by omission in its answer admitted ownership by that entity. The remaining defendants' relationship to the property is unclear and on this record it is not possible to determine whether they have liability as owners under the Labor Law.
We have considered the remaining arguments, including plaintiff's assertion that his Labor Law § 200 claim against T.G. Nickel & Associates, LLC was improperly dismissed, and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2025